By the Court. Hoffman, J.
We think the plaintiff is entitled to judgment upon the verdict, on two grounds.
First. That his own assignment precludes him from saying that what he sold was valueless; and there being neither warranty nor fraudulent representation, there was a sufficient consideration for the note. (Johnson v. Titus, 2 Hill, 606; Oakley v. Boorman, 20 Wend. 596; Say v. Richards, 21 Wend. 626; Williams v. Hicks, 2 Vt. 36.)
Next. That, by parting with the patent to another, and apparently on a valuable consideration, he has disabled himself from placing the plaintiff in the same situation as he was in at the formation of the contract. The defendant would have a right to call for the restoration of what was transferred. It may be of some value to him. (Taylor v. Hare, 4 Bos. and Pull, 201; Barnet v. Stanton, 2 Ala. Rep. 181; Chance v. Commissioners of Clay County, 5 Blackford, 441; Conner v. Henderson, 15 Mass. Rep. 319; Griffith v. The Fred. County Bank, 6 Gill & John. 624.)
Besides these considerations, the defendant is probably estopped by his own assignment, referring to that to him, from questioning the patent or invention. The case of Boorman v. Taylor (2 Add. & Ellis, 278) is very strong to this point. Upon these views, the ruling of the Judge was, in all respects, correct.
Judgment for the plaintiff, for the amount of the verdict, with interest and costs.