## Case No. 1,435.

### BIRDSALL v. PEREGO.

[5 Blatchf. 251.] [1]

Circuit Court, N. D. New York.   Aug. Term, 1865.

PATENTS—ACTION FOR LICENSE FEES.

1. Where the patentee of a machine grants an exclusive right, under his patent, to make and sell machines in a given territory, for a specified fee to be paid to him for each machine made and sold, and brings a suit against the grantee to recover fees due and unpaid for machines made and sold, it is no defence, by way of special plea in bar of the action, that the plaintiff has infringed such exclusive right.

[Distinguished in National Manuf'g Co. v. Meyers, 7 Fed. 357; Hubbell v. De Land, 14 Fed. 472.]

2. Nor is it a defence, by way of plea in bar, that the plaintiff was not the first and original inventor of what his patent claims.

[Distinguished in National Manuf'g Co. v. Meyers, 7 Fed. 357; Hubbell v. De Land, 14 Fed. 472. Cited in McKay v. Smith, 39 Fed. 557. Distinguished in Mudgett v. Thomas, 55 Fed. 647.]

3. In an amended declaration, it is proper to state the citizenship of the parties in the present tense, without stating such citizenship as existing at the time of the commencement of the suit.

[Disapproved in Laskey v. Newtown Min. Co., 56 Fed. 630.]

At law. Demurrer to pleas. The declaration, which was an amended one, set out that

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the plaintiff [John C. Birdsall] "is a citizen of the state of Indiana," and that the defendant [William Perego] "is a citizen of the state of New York." It then averred, in substance, that the defendant entered into a contract or agreement in writing with the plaintiff, in and by which the plaintiff agreed to allow, and did allow and transfer, to the defendant the exclusive right to manufacture and sell a certain clover machine, (for which patents had been issued by the United States to the plaintiff, on the 18th of May, 1858, [No. 20,249,] and on the 13th of December, 1859, for the period of fourteen years from the dates of said patents respectively,) for the supply of the territory of the eastern part of the state of New York, as described, until the said patent should expire; and in and by which the defendant did undertake and agree with the plaintiff, to pay the plaintiff, for such exclusive right to manufacture and. sell such clover machines, the sum of thirty-five dollars for each and every machine manufactured and sold by him for the supply of the territory aforesaid, one half thereof to be paid on the sale of each machine so sold by him, and the balance in six months after such sale; that the defendant, on the 30th of November. 1863, manufactured and sold a large number, to wit. thirty-eight, of said clover machines, whereby the defendant became, and was, on the 1st of June, 1864, indebted to the plaintiff in the sum of $1,338, to be paid, &c. It also averred a request of payment, and that such debt was· unpaid, &c. The contract was made with the defendant and one Spencer, his then partner, but, by its terms, it became the separate contract of the defendant, on the subsequent dissolution of the firm. This appeared on the face of the declaration. The defendant pleaded nil debet and three or more special pleas. By his third plea, he alleged, in substance, that, after the alleged making of the agreement declared on, and before the alleged manufacture and sale of any of said clover machines by the defendant, to wit, on the 31st of December, 1861, and at divers other times both before and after that day. without the consent and against the will of the defendant, the plaintiff, by himself, and by and through his authorized agents, manufactured and sold one hundred of said clover machines, for the supply of the district and territory described in said contract and declaration; that all of said machines were so manufactured and sold by the plaintiff and his authorized agents, for use, and were, in fact, used, with the knowledge and consent of the plaintiff, within and for the supply of said territory, contrary to the intent and meaning of the contract, and in violation thereof, &c., by means whereof the defendant did not, on the 1st day of January, 1862, nor at any other time thereafter, have or enjoy the exclusive right of manufacturing and selling said machines, for the supply of the said territory or any part thereof; and

that the defendant was, at all times, ready and willing and able to manufacture and sell said machines for the suply of said territory, and to pay the plaintiff thirty-five dollars on each and every machine thus manufactured and sold by him for the supply of said territory, if the plaintiff would have allowed and secured to the defendant the exclusive right of manufacturing and selling said machines for the supply of said territory, but which the plaintiff neglected and refused to do. To this third plea the plaintiff demurred, and assigned, as special cause of demurrer, that said plea was double, in this, that it contained several and distinct matters of defence. By a fourth plea, the defendant alleged, in substance, that the patents mentioned in the agreement set out in the amended declaration were void, because the plaintiff was not the first and original inventor of the improvements therein claimed as the plaintiff's invention, and, also, because each of the patents was for more than was the invention of the plaintiff. This plea then concluded as follows: "Wherefore this defendant says, that, if any such contract or agreement was ever in fact made or entered into by the said defendant and the said Samuel Spencer with said plaintiff, as is in that behalf alleged in said amended declaration, the same was void and of no force or effect, for want of consideration therefor," &c. To this fourth plea the plaintiff demurred, assigning for special cause of demurrer, that such plea was argumentative. [The demurrer was sustained.]

HALL, District Judge. The opinion of this court on the defendant's demurrer to the original declaration in this case, would seem to be decisive, so far as this court is concerned, of the principal question raised by the demurrer to the third plea. The contract of the parties, as set forth in the original declaration, was substantially the same that is set out in the amended declaration, with the exception that, in the latter, it is alleged, that the plaintiff "agreed to allow, and did allow and transfer, to the defendant, the exclusive right," &c., while, in the former, it was only alleged. that he "agreed to allow" such exclusive right; and it was held, under the former demurrer, that no averment or full performance on the part of the plaintiff was necessary. If this conclusion is correct, the third plea would seem to be bad in substance, as being no sufficient answer to the plaintiff's amended declaration. Selden v. Pringle, 17 Barb. 458; Thomas v. Quintard, 5 Duer, 80.

The third plea, as pleaded, admits the transfer to the defendant, of the exclusive right mentioned in the declaration,—Washburn v. Gould. [Case No. 17,214,]—and if, after such transfer, the plaintiff infringed that exclusive right, the defendant would have a right of action for such infringement. It would not, however, be a defence to this

action for the recovery of the sum agreed to be paid as a license fee for the machines which the plea admits were made and sold by the defendant. Even if such damages could be deducted from the plaintiff's demand, by way of recoupment, the facts alleged would furnish no sufficient defence, by way of special plea, in bar of the plaintiff's action; for, recoupment is a matter which, it is said, is never pleaded in bar. Nichols v. Dusenbury, 2 Comst. [2 N. Y.] 283, 286. And, if such a matter could be pleaded in bar of the action, it would be necessary to aver that the defendant's damages were at least equal to the damages of the plaintiff; for, otherwise, the plea would not answer the whole action, and would be bad for that reason. But it is not matter for a plea in bar, under any circumstances, (Id. 286;) and, whether the defendant claims damages for an infringement of the exclusive right transferred to him, or for the violation of the plaintiff's agreement to allow him the exercise of that exclusive right, the rule of law and of pleading is the same.

The demurrer to the fourth plea presents a more doubtful question. The plea alleges no fraud on the part of plaintiff, in obtaining the contract, there is no express warranty, and, for aught that appears, the plaintiff supposed, when the contract was made, that he was the original and first inventor of the machines specified, and that his patents were legal and valid. The plea does not allege that the defendant has been disturbed in the enjoyment of the exclusive right which the plaintiff assumed to transfer, by any person holding a paramount title, or aver even the existence of any such paramount title. Nor does it allege a re-transfer of the alleged right, while it in effect admits the manufacture and sale of the thirty-eight machines, as alleged in the plaintiff's declaration, without the defendant's having rescinded the agreement on the ground of an entire failure of consideration, because the plaintiff had in fact no exclusive right under his patents. The defendant has made and sold machines during the existence of the agreement, and while that agreement could have been set up against the plaintiff, if he had brought a suit against the defendant for an infringement of his patents. I am of the opinion that this fourth plea is bad in substance, as not forming any defence to the plaintiff's action. Kinsman v. Parkhurst, 18 How. [59 U. S.] 289, 293; Wilder v. Adams, [Case No. 17,647;] Pitts v. Jameson, 15 Barb. 310; Thomas v. Quintard, 5 Duer, 80; Brooks v. Stolley, [Case No. 1,962.]

But, it is insisted, on the part of the defendant, that the declaration is bad in substance, because it states the citizenship of the parties in the present tense, instead of stating such citizenship as existing at the time of the commencement of the suit, it being insisted that this allegation of the amended declaration relates to the date of the filing of that declaration, and not to the time of the commencement of the suit. This objection must be overruled. The averment is substantially in the form used in all cases where suits are commenced by capias, or by the service of a declaration; and it is clear that the amended declaration is not bad for the cause alleged.

On the whole case, the plaintiff must have judgment on the demurrer, with leave to the defendant to amend within twenty days, on payment of costs.

[NOTE. For other cases involving this patent. see note to Birdsall v. McDonald, Case No. 1,434.]