## Wood and another vs. Schettler.

*Measure of damages.*

In an action upon contract for work, it appeared that the plaintiff was prevented from full performance on his part through the defendant's fault, but was put to the same expense in time and money as if he had fully performed. *Held*, that the contract price of the whole work was the true measure of damages.

APPEAL from the Circuit Court for *Brown* County.

Action upon contract. The case is sufficiently stated in the opinion. The defendant excepted to sundry rulings and instructions of the court below, and from the judgment rendered in favor of the plaintiffs, appealed to this court.

*E. H. Ellis & Hastings*, for appellant, insisted that the measure of damages applicable to this case was the difference between the contract price of the labor to be performed, and what it would *actually cost* the plaintiffs to complete it. 3 Pars. on Con. 184; *Meyers v. N. Y. & Cumberland R. R. Co.*, 2 Curtis' C. C. R. 28; *Royalton v. R. & W. T. Co.*, 14 Vt. 311; *P. W. & B. R. R. Co. v. Howard*, 13 How. (U. S.) 307; 8 Barb. 423; 14 id. 611; 30 Cal. 480.

*Gillett & Clark*, for respondents. [No argument filed.]

COLE, J. It is claimed that the court below erred in refusing to give the first and second instruction asked by the defendant, and also in giving the third instruction asked by the plaintiffs. Upon the evidence in the case we think the ruling of the court was correct in both particulars. The first and second instructions asked by the defendant were as follows: "1. If the jury should find that the plaintiffs are entitled to damages in this case, the measure of their damages is not the price agreed to be paid for pressing and baling the hay, but only a just recompense for the actual injury they sustained, or in other words, only such damages as directly and necessarily resulted from the breach of the contract. 2. In this case the measure of damages is the difference between the contract price and what it would have cost to complete the remainder of the work agreed upon." The third instruction given on the part of the plaintiff was: "If the jury find for the plaintiffs, then they must award as damages the whole contract price, or $3.50 per ton, for all the hay the defendant agreed to furnish, less the $34.85 paid by defendant, and less what they may find from the testimony that the plaintiffs earned, or might have earned, in the same business during any time which the jury shall find the plaintiffs saved in consequence of the defendant's non-performance of the contract on his part."

It appears from the evidence, that by the contract the

plaintiffs were to press and bale a quantity of hay for the defendant at $3.50 per ton, the defendant to furnish the hoops for securing the bales. They only baled some twenty-three tons. It appeared, however, that the plaintiffs removed their press, which weighed about six tons, on to the defendant's farm, and remained with it there ready for work long enough to have baled more than a hundred tons. Their men were with them, and they were at the same expense they would have been had they been at work all the time. The reason why they did not or could not complete their contract was, that the defendant failed to furnish suitable hoops in the requisite quantity. But still the plaintiffs would have incurred no further expense had they been at work all the time. They had to board their men, and pay their wages, for the full time it would have taken them to press and bale all the hay they undertook to bale on the contract. And they would have fully performed the contract while waiting for the hoops, had they not been prevented from work on that account. If they were idle, it was through the default of the defendant, and it cost them the same to be idle it would to work. Under the circumstances, we think it is clear that the measure of damages was the price agreed to be paid for pressing and baling the hay. That was only a just recompense for the actual injury they sustained by the failure of the defendant to provide the hoops. To say that they were only entitled to recover the difference between the contract price and what it would have cost them to complete the remainder of the work agreed upon, when they had already incurred all the expense necessary for performing the contract, is obviously unjust. The counsel for the defendant say that where there is a contract for services, and no further expense would be incurred in completing the contract than in doing nothing, then, if the employee is obliged to be still and do nothing, his loss is just what he could have made—the contract price. That is precisely the case before

us, as we understand the evidence. And it seems to us that this principle of law entirely disposes of the exceptions arising upon the instructions above cited. The plaintiffs were working with a heavy piece of machinery, one inconvenient to move around, and they waited as long for the defendant to procure the hoops as it would have taken them to press and bale all the hay. In the mean time they were at the same expense they would have been had they been employed, and it does not appear that they might have obtained other hay to press and bale. 16 Wis. 581. They were entitled, upon these facts, to recover the contract price. These remarks likewise dispose of the exceptions to the ruling of the court excluding the evidence as to the expense of pressing and baling the rest of the hay.

*By the Court.* — The judgment of the circuit court is therefore affirmed.