## NATIONAL MANUF'G CO. *v.* MEYERS.[*]

*(Circuit Court, S. D. Ohio. May 26, 1881.)*

**1. PATENTS—LICENSEE—DEFENCES—DENYING VALIDITY OF PATENT—ESTOPPEL.**

In a suit in equity, for an account of profits and damages, and for an injunction for infringement of a patent, a licensee is not estopped from denying the validity of the patent.

**2. SAME.**

In such suit the respondent may answer that he was acting under a license, and unless the recitals or covenants of the instrument forbid, he may also deny the validity of the patent; such defences are not inconsistent.

In Equity. Bill for infringement of patent. Motion to withdraw replication.

*D. Thew Wright* and *William B. Burnet*, for complainants. *James Moore, contra.*

SWING, D. J. The bill alleges that on the twentieth day of June, 1874, there was issued to Jacob H. Burtis letters patent for new and useful improvements in fly-traps, of which he was the original and first inventor.

[*]Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

That on the seventh day of Janury, 1881, the said Jacob H. Burtis sold and assigned said letters patent to James M. Harper, who purchased the same as attorney in fact for the complainants, and who, on the twenty-fourth day of January, 1881, assigned and transferred the same to the complainants; and that said parties, during the terms of their several ownerships of said letters patent, have had and maintained exclusive possession and enjoyment of said invention, except the infringement complained of; that the respondent, having full knowledge of the premises, and in violation of complainants' exclusive rights and privileges, and disregarding the same, has, since the date of the assignment to complainants, and for a long time before, and without license at any time, at Covington, Kentucky, manufactured, used, and sold, and still continues to use and sell, many fly-traps, embracing the improvements so secured to complainants. The bill prays for discovery, for an account, and for an injunction.

The amended bill alleges the issuing of letters patent on the twenty-second day of November, 1870, to John Harper, for an improved fly-trap, which letters patent he surrendered, and re-issued letters patent issued to him on the twenty-first of December, 1875; and that complainants, by various deeds of assignment, have become the sole owners of said letters patent; that respondents have infringed complainants' rights by making and selling large numbers of said improved fly-traps, embracing the inventions secured to them by said re-issued letters patent, and in violation of their rights thereunder, and prays for discovery, for an account, and for an injunction.

The respondent, by his answer, admits the issuing and assignment of the letters patent, but denies that Harper or Burtis were the original inventors; denies the validity of the re-issued letters patent, and denies complainants' title to either of said patents, and alleges their invalidity by prior patents and publication, and by prior use. The answer also sets up a license.

To the answer, complainants filed a general replication, and afterwards filed their motion for leave to withdraw their replication for the purpose of filing exceptions to the answer.

The motion does not disclose the exceptions which complainants desire to take to the answer, but they were stated in argument to be that the answer contains inconsistent defences; that the defence that the respondent is making and vending the patented article under a license from the patentee is not consistent with the defence that the patents are invalid. If this were so, the answer would be objectional, and in our discretion we might permit the replication to be withdrawn and in some proper form have the question presented for our determination. If it be determined, however, that the answer is not subject to the objection, it would be unnecessary to

permit the complainants to withdraw their replication to enable them to raise the question.

In equity, a defendant has the right to set up as many defences as he may have, providing they are not inconsistent. *Sharp* v. *Carlisle*, 5 Dana, 488; *Wood* v. *Wood*, 2 Paige, Ch. 108; *Hopper* v. *Hopper*, 11 Paige, Ch. 46; Daniell's Ch. Pr. 727.

Defences are inconsistent where they cannot both be true; but where there are different defences and they may all be true, though entirely different in their nature, they are not inconsistent. Applying these rules to the present case, can it be said that the defences in this answer are inconsistent? May it not be true that these patents were invalid, and yet that the respondent, honestly supposing them to be valid, took from the patentees or assignees a license to make and sell the invention supposed to be secured by them? And when the party is sued for an infringement of the patent, may he not first defend by showing the invalidity of the patents? And, if he fails in this, may he not show that the patentee had granted him a license? We think he may. But we are referred to Bump on Patent Law, 140, as holding a contrary doctrine. We have not had an opportunity of examining all the cases the author refers to, but those of *Birdsall* v. *Perega*, 5 Blatchf. 251, and *Magic Ruffle Co.* v. *Elm City Co.* 13 Blatchf. 151, were actions brought upon the contract and agreement for license to enforce its provisions; and so *Lawes* v. *Purser*, 38 Eng. L. & E. Rep. 48; *Crossby* v. *Dixon*, 10 H. of L. Cases, 293; and *Eureka Co.* v. *Bailey Co.* 11 Wall. 488, were all actions upon the contracts for license, some of them containing express covenants acknowledging the validity of the patents. There can be no doubt that in all such cases the defendant would be estopped to deny the validity of the patent. But that is not this case: here the complainants bring their bill, not upon an agreement of license, but they expressly aver that no license existed, and it is purely a bill for damages and to enjoin further infringement. In *Rubber Co.* v *Goodyear*, 9 Wall. 788, these two defences were set up in the answer, and no exceptions were taken to it, either in

the circuit or supreme court, and it is fair to presume that they were not regarded by learned counsel for complainant as subject to objection on that account. Mr. Curtis, in his work on Patents, § 215, says:

"The taking of a naked license or permission to work under a patent does not, without some recitals or covenants amounting to an admission, estop the licensee from denying the validity of the patent, or of the fact that he has used the patented thing or process, if he is subsequently proceeded against for infringement. It is necessary to look into the instrument and ascertain that there are recitals or covenants that will deprive a licensee of the defences to which all other persons may resort. If, by his agreement, the licensee has admitted that the process or thing which he uses is the patented process or thing, and he is afterwards proceeded against for not complying with the terms of his agreement, he will not be permitted to show that he did not use the patented thing or process. So, too, if the deed contain recitals or statements amounting to an admission of validity of the patent, either as to the novelty or utility of the supposed invention, or the sufficiency of the specification, the licensee will be estopped, in an action of covenant for the rent or license due, to deny the validity of the patent by setting up anything contrary to the admissions of the deed."

The case of *Brooks* v. *Stolly*, 3 McLean, 523, may seem to be opposed to this view, but, upon principle and the weight of authority, we think these defences are not inconsistent.

The motion will therefore be overruled.

Mr. Justice MATTHEWS, of the supreme court, concurred.