WILLIAMS v. STAR SAND Co., Limited, et al.

(*Circuit Court, W. D. Pennsylvania.* May 31, 1888.)

COURTS—FEDERAL JURISDICTION—QUESTIONS ARISING UNDER PATENT LAWS—ASSIGNMENT OF PATENT—BREACH OF CONTRACT.

Keller, the grantee of letters patent, assigned one-half of the patent to Williams by an instrument in writing recorded in the patent-office, which, after the assigning clause reads as follows: "This assignment is made and accepted upon the distinct understanding and agreement between the parties thereto that neither the said Keller nor the said Williams is to make any transfer of his respective interest in said patent, nor to grant any license to use the same, without the written consent of the other; and further, that neither of said parties shall build more than one boat each with the said patented improvement upon it, without the written consent of the other; and the boat each is permitted so to build is to be used only by said party as an individual, and not as a member of any firm or copartnership, without the written consent of the other party." Williams filed a bill against Keller and his associates in business acting under him, charging them with using the patented invention in violation of the above-quoted clause of the instrument of assignment, and praying for an injunction, etc. *Held*, that the case was not one arising under the patent laws, and the court had no jurisdiction thereof, all the parties to the suit being citizens of the same state.[1]

In Equity. Bill for injunction to restrain the infringement of letters patent.

*D. F. Patterson*, for complainant.
*Wm. L. Pierce*, for defendants.

Before McKENNAN and ACHESON, JJ.

ACHESON, J. Nicholas J. Keller, one of the defendants, the grantee and exclusive owner of reissued letters patent No. 6,598, for an improvement in sand and gravel separating machines, by an instrument of writing by him executed, bearing date March 31, 1883, and recorded in the patent-office on April 2, 1883, assigned the one-half of said letters patent (subject to certain outstanding licenses) to Thomas R. Williams, the plaintiff. After the assigning clause the instrument proceeds in the words following:

"This assignment is made and accepted upon the distinct understanding and agreement between the parties thereto that neither the said Keller nor the said Williams is to make any transfer of his respective interest in said patent, nor to grant any license to use the same, without the written consent of the other; and further that neither of said parties shall build more than one boat each with the said patented improvement upon it, without the written consent of the other; and the boat each is permitted so to build is to be used only by said party as an individual, and not as a member of any firm or copartnership, without the written consent of the other party."

The bill recites the invention of said improvement by Keller; the grant of the original patent to him; the surrender thereof, and the grant of the reissue; and the said instrument of writing of March 31, 1883. The bill alleges and the answer admits that the defendant, the Star Sand

[1] See note at end of case.

Company, Limited, is a partnership association organized under the laws of Pennsylvania by, and composed of, the said Nicholas J. Keller, Agent, and John Hoffman, John R. Clark, and C. Mensinger, and these four named persons are individually made co-defendants with the Star Sand Company, Limited. The proofs show that Keller is president or chairman of the limited partnership, and that the principal for whom he as a member of the association acts, is his wife. All the parties to the suit are citizens of Pennsylvania. The bill alleges that "the said defendants herein named" are using one or more of the patented machines without the consent of the plaintiff, "and in violation of the rights secured to him by virtue of said reissued letters patent, and the aforesaid assignment of date of March 31, A. D. 1883." The bill further sets forth that the plaintiff "has repeatedly requested the said Nicholas J. Keller to desist from such unauthorized use of said patented improvement," and that he has requested Keller to join him in a suit against the other defendants to restrain them from further infringing said letters patent, "which the said Keller has neglected and refused" to do. The bill prays that the defendants may account for the "profits or savings thus unlawfully derived or made by the violation of your orator's rights," and that upon "entering a decree in favor of your orator and against said defendants for infringement," the damages sustained by him "by reason of such infringement" be assessed against, and decreed to be paid by, the defendants, and for an injunction to restrain the defendants "from any further use of said patented improvement in violation of your orator's rights, as aforesaid."

The answer, in which all the defendants join, admits that Keller was the first and original inventor of said improvement, the grant to him of the original letters patent, the due surrender thereof, the grant to him of the reissue, and the validity of the same, the execution by Keller of the written instrument of March 31, 1883, and the association as charged in the bill of the defendants as the Star Sand Company, Limited. The answer further admits that the Star Sand Company, Limited, owns and operates two boats, viz., the Hippopotamus and Genii, equipped with the patented machine, the ownership of which boats with their patented improvements the company acquired from Keller; and that under a contract with Keller the company takes the entire "lift" of the Star, a boat owned by Keller, and equipped with the patented improvement, which boat was built by him under the privilege expressly reserved to him by the terms of the written instrument of March 31, 1883; and the answer sets up that by a contemporaneous oral agreement entered into between Keller and Williams the Hippopotamus and Genii were excluded from the limitations of said instrument.

The case is now before us upon the pleadings and proofs. We will not, however, enter upon a discussion, or express any opinion as to the merits of the controversy; because, after a careful consideration of the subject, we have reached the conclusion that the case does not arise under the patent laws, and that the bill must be dismissed for want of jurisdiction. *Wilson* v. *Sandford,* 10 How. 101; *Hartell* v. *Tilghman,* 99 U.

S. 547; *Allright* v. *Teas*, 106 U. S. 613, 1 Sup. Ct. Rep. 550; *Manufacturing Co.* v. *Hyatt*, 8 Sup. Ct. Rep. 756. The controversy does not involve the validity or the construction of the patent. In nowise whatever is the patent drawn in question, and therefore the decision in *Littlefield* v. *Perry*, 21 Wall. 205, does not apply. In truth the case springs altogether out of a contract, and the manifest purpose of the suit is to enforce that contract. The infringement of the patent is not the real ground of the action. Indeed, without the recited agreement the bill would have no solid basis. Clearly one part owner of a patent cannot maintain a suit for infringement against his co-owner. *Manufacturing Co.* v. *Gill*, 32 Fed. Rep. 697, 702. Now, Keller is not a nominal defendant here. The bill contains special matter of complaint against him, and all the prayers for relief include him. Then the other defendants stand in such relation to Keller that they cannot be treated as infringers; so that, whatever case the plaintiff may have against any of the defendants is to be referred to the contract, the breach of which is the *gravamen* of the bill.

There is no question in the case depending upon the construction or effect of the patent laws. True, section 4898, Rev. St., enacts that "every patent, or interest therein, shall be assignable in law by an instrument of writing," and provision is made for recording such "assignment, grant, or conveyance" in the patent-office for the purpose of notice to subsequent purchasers or mortgagees. But a collateral agreement between assignor and assignee, such as we have here, restrictive of the power to dispose of their respective interests in the patent, and governing their rights in the use of the invention, whether incorporated in the instrument of assignment or not, is not provided for or regulated by section 4898, or by any act of congress. That the rights of the parties under such contracts depend altogether on common-law and equity principles, is the declared doctrine of all the above-cited decisions of the supreme court.

Let a decree be drawn dismissing the bill for want of jurisdiction, with costs.

NOTE.

PATENTS—JURISDICTION OF STATE AND FEDERAL COURTS. Plaintiff assigned to defendant one-third of the right to an invention. The patent-office divided the application for the patent into three applications for as many inventions. *Held*, that the question whether this subdivision divested defendant of his interest in one of the patents issued was purely one of patent law, of which the circuit court of the United States had jurisdiction. Puetz v. Bransford, 32 Fed. Rep. 318. On application for an injunction to prevent defendant from assigning a patent, held, that if complainant's case were founded solely upon some contract with defendant, it did not arise under the patent laws, and the circuit court of the United States would have no jurisdiction. Watch-Case Co. v. Leach, *ante*, 2.

In Store-Service Co. v. Clark, (N. Y.) 3 N. E. Rep. 335, MILLER, J., says: "It is very apparent that cases may arise upon contracts relating to patents and their validity, which are especially within the power and jurisdiction of the state courts; but it by no means follows necessarily that this jurisdiction confers upon the state courts the right to adjudicate and determine questions arising as to infringements made upon rights and privileges which are secured by patents issued by the government. The interpretation of the contract, the effect to be given to its various parts, and even the right to the patent, may well be the subject of consideration within the courts of the state; while any interference beyond this is in contravention of the general rule that in such an action the jurisdiction rests exclusively within the courts of the United States."

See, also, Manufacturing Co. v. Reinoehl, (N. Y.) 6 N. E. Rep. 264.