OLSON, Appellant, vs. CITY OF VIROQUA, Respondent.

*March 26—April 19, 1904.*

*Contracts: Breach: Delaying performance: Recovery.*

A contract for the drilling of a well by plaintiff for defendant provided that defendant should furnish the casing pipe and material for the pump; that plaintiff should put everything in place ready for pumping and assist in connecting the pump; and that the work should be pushed to completion with all possible dispatch and without unnecessary delay. Defendant failed to furnish the pipe and material for the pump for sev-

eral weeks after plaintiff was ready to put them in the well, thereby delaying plaintiff in the performance of his contract. *Held*, that for such delay plaintiff might recover substantial damages.

APPEAL from a judgment of the circuit court for Vernon county: J. J. FRUIT, Circuit Judge. *Reversed.*

It appears from the record that April 13, 1900, the plaintiff and defendant entered into a written contract wherein and whereby the plaintiff, at his own expense, agreed to "drill and sink a new well" at a point to be designated by the defendant according to specifications therein set forth, and for which the defendant therein agreed to pay to the plaintiff $2.50 per foot, not to exceed 500 feet, and the defendant therein further agreed "to furnish the casing pipe and material for the pump," and the plaintiff was "to put everything in place ready for pumping and assist in connecting the pump," and the defendant was "to render what assistance is [was] necessary to put in the pipe;" and the plaintiff therein agreed that all work should be done in a workmanlike manner, and the hole to be perpendicular, and to dig the well to such a depth as the defendant might direct, not exceeding 500 feet, the work to begin May 15, 1900, "and be pushed to completion with all possible dispatch and without any unnecessary delay;" that when such work should be completed and accepted the plaintiff was to receive $2.50 per foot, as so provided, and the plaintiff therein agreed "to place case and piping and make all connections below the surface," and for that work he was to receive from the defendant $40 extra. It also appears from the record that the plaintiff began the work of drilling the well May 15, 1900; that he continued such work, as agreed in the contract, until November 1, 1900, when the hole had reached the depth of 316 feet; that he was then informed by the defendant that he need not drill any deeper; that at that time the defendant had failed "to furnish the casing pipe and material for the pump," as so agreed; that

the same were not ordered by the defendant until November 6, 1900, and that they did not arrive until several weeks afterwards. On May 8, 1901, the plaintiff presented to the common council and filed with the city clerk his verified claim for damages occasioned by and growing out of the loss of time of himself, team, and machinery, and for certain disbursements for expenses incurred in behalf of the defendant, occasioned by the failure of the defendant to comply with the contract to provide and furnish the pump therein mentioned, and by unnecessarily delaying the plaintiff in completing his contract, to his great damage; and also in ordering and requesting the plaintiff to leave his well-drilling machinery upon the ground where the well was drilled, and forbidding the plaintiff from removing the same, whereby he lost the use of such machinery, to his great damage—all of which was stated to the common council in an itemized bill duly verified. The claim was not acted upon by the common council for sixty days, and december 2, 1901, the city clerk notified the plaintiff of the fact, and that the claim had been fully disallowed, and thereupon the plaintiff appealed therefrom to the circuit court.

A trial being had, and after the close of the testimony and during the closing argument of the plaintiff's counsel, the court interrupted counsel, and held that there was no evidence which would warrant the jury in finding anything against the defendant, and thereupon directed a verdict in favor of the defendant, which was returned accordingly. From the judgment entered thereon, with costs, the plaintiff brings this appeal.

For the appellant there was a brief by *C. W. Graves* and *W. S. Burroughs,* and oral argument by *Mr. Graves.*

*H. P. Proctor,* for the respondent.

CASSODAY, C. J. The substance of the contract is set forth in the foregoing statement. By that agreement the city was

"to furnish the casing pipe and material for the pump," and to render what assistance was necessary to put in the pipe. The plaintiff was to put everything in place ready for pumping and assist in connecting the pump. The work was to be commenced as agreed, "and be pushed to completion with all possible dispatch and without any unnecessary delay." To complete the work as agreed, it was absolutely essential that the two parties should co-operate. It was impossible for the plaintiff to put everything in place ready for pumping and assist in connecting the pump so long as the defendant failed to furnish the casing pipe and material for the pump. The evidence certainly tends to prove that the defendant failed to so furnish such casing pipe and material for the pump for several weeks, if not months, after the plaintiff was ready to put the same in the well. If such evidence is true—and it seems to be undisputed—then there was certainly a breach of the contract on the part of the defendant, which greatly delayed performance of the contract on the part of the plaintiff. *John O'Brien L. Co. v. Wilkinson,* 117 Wis. 468, 471, 94 N. W. 337, and cases there cited. That such breach of the contract entitled the plaintiff to substantial damages there can be no doubt. *Wood v. Schettler,* 23 Wis. 501; *Salvo v. Duncan,* 49 Wis. 151, 4 N. W. 1074; *Allen v. Murray,* 87 Wis. 41, 57 N. W. 979; 3 Suth. Dam. (3d ed.) § 713; *Wells v. Nat. L. Asso.* 53 L. R. A. 48, note. The measure of such damages must necessarily depend very much upon the evidence. As there must be a new trial and the evidence may be different, we have purposely refrained from considering such measure of damages.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.