MANNING, Respondent, vs. GALLAND-HENNING PNEUMATIC
MALTING DRUM MANUFACTURING COMPANY, Appellant.

*December 7, 1909—January 11, 1910.*

*Patents: Contract with licensee: Action for breach: Jurisdiction of
state courts: Grant of exclusive rights: Implied agreements:
Breach: Joinder of causes of action.*

1. If the same act which is an infringement of a patent is also a
   breach of a contract with the assignee of the patent or one
   holding an exclusive license thereunder, such licensee or as-
   signee may ignore his right under the federal statutes to re-
   cover for the infringement, and may bring his action in a state
   court for damages for the breach of contract.
2. A contract granting an exclusive right to make, use, and vend a
   patented article in specified territory includes an implied agree-
   ment that the grantor will not so act as to prevent the grantee
   from enjoying such exclusive right; and an invasion by the
   grantor of such territory and of the exclusiveness of the gran-
   tee's sale therein is a breach of the contract.
3. The cause of action to recover damages for the breach of such
   an implied agreement is strictly one arising out of contract and
   hence, under sec. 2647, Stats. (1898), may be joined with other
   causes of action on contract.

APPEAL from an order of the circuit court for Milwaukee
county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Appeal by defendant from order overruling demurrer to
the complaint on the ground of misjoinder of actions. The
complaint in one count alleges, in substance, the following:
That in and prior to 1891 the defendant was the owner of let-
ters patent covering a certain drum system of pneumatic malt-
ing and the machinery and process thereof, known as the
Galland-Henning patent drum system; that on March 7,
1891, for a present money consideration, said defendant
granted, through certain assignors, to a New York corporation
the sole, exclusive, absolute, and entire right, free from any
claim for royalty or other charge or incumbrance, to use, man-
ufacture, and vend, within the state of New York and other
named states, and to grant such rights to others in said states,

the machinery and processes covered by said patent for the life of said patent or any renewal thereof, the defendant being in the business of manufacturing apparatus under said patent for sale in other territory; that said licensee corporation, called the Buffalo Company, in 1895 passed into the hands of a receiver in dissolution proceedings, and that in November, 1898, a further agreement in writing was made by defendant with said receiver, Osterhout, to the effect that the defendant should and would proceed to the prosecution of suits against all infringers of said patent rights at its own cost and expense, and would pay over to said Osterhout all proceeds of such prosecutions less the costs and expenses thereof; also providing that pending such litigation the defendant might sell the patented articles within the assigned territory, but should pay to said receiver a royalty of twelve and one-half per cent. of the sale price.   It is alleged that said receiver on or about October 21, 1903, transferred to this plaintiff all his rights and rights of action under either and both of said contracts, which transfer was intended to and did terminate the rights of defendant under said contract of November, 1898, and the plaintiff is now the sole owner of all licenses, patent rights, claims, and causes of action, and of all rights, claims, and demands which at any time had accrued to said Buffalo Company or said receiver; that defendant did prosecute infringers and did collect large sums of money for which it is accountable under said agreement of 1898, the amount thereof unknown to plaintiff.   Further, that defendant subsequent to the license agreement of 1891, and both prior and subsequent to the making of the contract of 1898, sold the patented devices and improvements in the assigned territory to numerous parties, some of whom are named, and others asserted to be unknown to the plaintiff, and that since the transfer from the receiver to the plaintiff the defendant has continued to so sell; that defendant has failed to pay the plaintiff or any one else the agreed royalty upon the sales made during the continuance

of the contract of November 30, 1898, or the proceeds of the infringement prosecutions, notwithstanding due demand for such accounting and payment; and that the defendant threatens to continue to act under the agreement of November 30, 1898, by undertaking prosecutions and by selling patented articles in the transferred territory, for which plaintiff has no adequate remedy, and prays relief, first, that defendant account for all moneys collected in prosecution of infringements; second, for all sales made in the territory since the contract of November 30, 1898, "in order to determine the royalty thereon at twelve and one-half per cent.;" and third, that the defendant account for all drums sold within said territory since the making of the contract of March 7, 1891, and prior to the making of the contract of November 30, 1898, and after the termination of the contract of November 30, 1898, "for the purpose of determining the damages sustained by this plaintiff by reason of the sale of said drums;" and also that after the ascertainment of said sums the plaintiff have judgment therefor, and such further relief as may be just and equitable.

For the appellant there were briefs by *Ryan, Ogden & Bottum*, and oral argument by *L. M. Ogden*. They cited, besides other cases, *Excelsior W. P. Co. v. Pacific B. Co.* 185 U. S. 282, 283, 288–291; *Atherton M. Co. v. Atwood-Morrison Co.* 102 Fed. 949; R. S. of U. S. 1878, sec. 629, subd. 9; *Littlefield v. Perry*, 21 Wall. 205, 223; *Stanley R. & L. Co. v. Bailey*, 14 Blatchf. 510–512; *Continental S. S. Co. v. Clark*, 100 N. Y. 365, 369, 370; *De Witt v. Elmira Nobles Mfg. Co.* 66 N. Y. 459, 461; *Victor T. M. Co. v. The Fair*, 123 Fed. 424, 425.

For the respondent there was a brief by *Miller, Mack & Fairchild*, and oral argument by *W. F. Adams*.

Dodge, J. The complaint concededly declares a cause of action to recover the amounts agreed to be paid upon the con-

tract of 1898 both for royalties upon sales made by the defendant during the term of that contract and for moneys collected from other infringers of plaintiff's territory.    It is not contended that these two grounds of recovery, if they constitute separate causes of action, are not properly joinable, since they are indebtedness promised to be paid by the same contract.    *Reindl v. Heath,* 109 Wis. 570, 85 N. W. 495. There is joined in the complaint also a claim to recover the damages to the plaintiff resulting from defendant's alleged conduct in selling machinery covered by the patent in the exclusive territory assigned to plaintiff during periods outside of the term of the contract of 1898.    While this as a plain action at law would seem to be a separate and distinct cause of action, although not stated as such in the complaint, it is claimed by respondent not to be such, but merely a claim for additional relief upon the single primary cause of action for an accounting by the defendant as to its conduct and the results thereof.    Passing this controversy, however, and assuming for the purpose of the argument that it is distinct and separate, the proposition to be considered is whether it is one which can be joined with that or those first stated.    Appellant claims not, because it is an action for infringement of a patent, *ex delicto* in character and cognizable exclusively by the federal courts.    Our statute (sec. 2647, Stats. 1898) permits the joining of two or more causes of action upon contract, whether they be in law or equity, or both.    *Kruczinski v. Neuendorf,* 99 Wis. 264, 74 N. W. 974; *Emerson v. Nash,* 124 Wis. 369, 382, 102 N. W. 921; *Krakow v. Wille,* 125 Wis. 284, 103 N. W. 1121.    If therefore it shall be found, as respondent claims, that the questionable cause of action, namely, for damages, is on contract, there is no misjoinder. We proceed to consider that question.

When the assignee of a patent, or one holding an exclusive license thereunder, suffers from its infringement by any one, he doubtless can avail himself of this federal statute and

bring his suit either in law or in equity for his damages from the infringement, which under the federal law and practice may include not only the damage to himself which he can prove, but even the profit to the infringer; and in such action the court may inquire into the validity and construction of the assignment or license for the purpose of ascertaining plaintiff's title and right to maintain suit (*Excelsior W. P. Co. v. Pacific B. Co.* 185 U. S. 282, 22 Sup. Ct. 681) ; but in such suit nothing more is recoverable against the assignor than against any stranger under no contract relation. If, however, the same act which is an infringement of the patent is also a breach of some contract, the plaintiff may ignore the statutory right to recover for infringement and bring his action for damages proximately resulting from the breach of the contract, and of such action the federal courts have no exclusive jurisdiction. *Excelsior W. P. Co. v. Pacific B. Co., supra; Hartell v. Tilghman,* 99 U. S. 547, 552; *Albright v. Teas,* 106 U. S. 613, 1 Sup. Ct. 550; *Williams v. Star S. Co.* 35 Fed. 369. Plaintiff's license in this case granted him the exclusive right of manufacture and sale in the specific territory. It thereby doubtless vested him with sufficient title to the patent to sue for infringement thereof, albeit in the patentee's name, under federal statutes. *Brush E. Co. v. California E. L. Co.* 52 Fed. 945; *Littlefield v. Perry,* 21 Wall. 205, 223. But the grant from defendant to plaintiff's assignor was also a contract. It granted an exclusive right to make, use, and vend. In all contracts granting property rights, or rights of conduct, there is an implied agreement on the part of the assignor that he will do no affirmative act to derogate from his grant. That is implied in the very grant itself. In the nature of things it is inconceivable that the minds of the parties have met on basis of a grant of something and, at the same time, on negation of that grant, in whole or in part. This principle is very old in the law and has been applied to a great variety of circumstances; in many cases being carried to the

point of declaring to be implied covenants going much further. The grantor or lessor of land, in absence of statute, covenants for the quiet enjoyment of the property demised, and, even where statutes have negatived such implication, he is still held to have covenanted not to derogate from such grant by his own acts. A contract for exclusive agency implies that the principal will commit no act invasive of the exclusiveness of such agency. The grantor of an exclusive license under a patent is in the same position and subject to the same rule, as has often been decided. *Eldred v. Leahy,* 31 Wis. 546; *Shaft v. Carey,* 107 Wis. 273, 83 N. W. 288; *John O'Brien L. Co. v. Wilkinson,* 117 Wis. 468, 94 N. W. 337; *W. G. Taylor Co. v. Bannerman,* 120 Wis. 189, 97 N. W. 918; *Olson v. Viroqua,* 121 Wis. 571, 574, 99 N. W. 326; *Halsey v. Waukesha Springs S. Co.* 125 Wis. 311, 104 N. W. 94; *Kipp v. Smith,* 137 Wis. 234, 240, 118 N. W. 848; *Birdsall v. Perego,* 5 Blatchf. 251, Fed. Cas. No. 1,435; *Faulks v. Kamp,* 3 Fed. 899, 901; *Brush E. Co. v. California E. L. Co.* 52 Fed. 945; *Philadelphia, W. & B. R. Co. v. Howard,* 13 How. 307, 342; Rawle, Cov. for Title, §§ 270, 287; *French v. Bent,* 43 N. H. 448; *St. Louis & D. L. & M. Co. v. Tierney,* 5 Colo. 582; *Morier v. Moran,* 58 Ill. App. 235; *Gay & Co. v. Blanchard,* 32 La. Ann. 497, 504; *Black v. Woodrow,* 39 Md. 194; *Eliot Nat. Bank v. Beal,* 141 Mass. 566, 569, 6 N. E. 742; *Smith v. Boston, C. & M. R.* 36 N. H. 458, 494. We think that principle clearly controls the present situation. When defendant granted to plaintiff's assignor exclusive rights, it just as surely and completely by that grant agreed that it would not so act as to prevent him from enjoying such exclusive right. When, as alleged in the complaint, it invaded his territory and the exclusiveness of his sale in the same it broke that contract. An action to recover damages therefor is strictly an action on contract. It is maintainable whether any valid patent is infringed or not. There is in our opinion no escape, therefore, from the conclusion that if

the causes of action are separate they are nevertheless such as by virtue of our statute might be joined in the same complaint, and that the demurrer to that pleading on the sole ground of misjoinder was properly overruled.

*By the Court.*—Order affirmed.