TRAFFIC SIGNAL LIGHT MANUFACTURING COMPANY, Appellant, vs. LANGE and another, Respondents.

*November 12—December 9, 1924.*

*Courts: Jurisdiction: Actions for infringement of patents.*

1. The United States courts have exclusive jurisdiction of actions involving direct claims for infringement under the patent laws of the United States where the question does not arise collaterally to a cause of action over which state courts have jurisdiction.  p. 204.
2. Allegations in a complaint that defendants conspired to infringe the plaintiff's patents are incidental to the main object of the action, which is brought for the infringement, and the state court has no jurisdiction.  p. 205.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge.  *Affirmed.*

For the appellant the cause was submitted on the brief of *Brennan, Lucas & O'Day* of Milwaukee.

*Edgar L. Wood* of Milwaukee, for the respondents.

JONES, J.  The complaint in this case alleges that the plaintiff is a corporation, duly organized in the state of Wisconsin, and owner of patents on a new and useful improvement known as a "disappearing mushroom light;" that the defendants attempted to incorporate the Safety Traffic Signal Light Manufacturing Company, but did not complete the organization; that the defendants used the name to promote their interests in relation to the manufacture and sale of the mushroom light owned by the plaintiff; that the defendants were advised that the plaintiff was the owner of said patent rights; that the defendants wilfully, maliciously, and fraudulently attempted to incorporate as above stated; that the defendants were notified that any attempt on their part to manufacture and sell said mushroom light would be treated as an infringement of the plaintiff's patent rights; that nevertheless the defendants wilfully,

maliciously, and fraudulently manufactured and sold the same and that they were infringing on the rights of the plaintiff; that the defendants continued to advertise that they were the inventors of said mushroom lights and have continued to hold themselves out as the owners and patentees and threatened to continue to do so notwithstanding the plaintiff's rights; that the defendants have wilfully, maliciously, and fraudulently copied the plaintiff's drawings pertaining to said lights and patents and signed affidavits in relation thereto, and made application to the United States patent office for patents covering the plaintiff's device, and attempted to change the drawings for.the purpose of obtaining improvements on the said patents so as to be able to interfere with the plaintiff's rights; that afterward they made additional changes in their drawings with the same object; that the defendants wilfully, maliciously, and fraudulently manufactured a light inferior to that of the plaintiff's and had sold and installed the same in various cities at an exorbitant price, to the plaintiff's damage; "that, as the plaintiff is further advised, the said defendants, and each of them, did wilfully, maliciously, and fraudulently conspire in relation to the doing of each and every act hereinbefore alleged;" that by reason of this conspiracy the plaintiff had been obliged to retain counsel to prevent irreparable injury on account of said conspiracy and that it will be obliged to spend large sums in the future in excess of costs, disbursements, or royalties. The defendants demurred to the complaint on the grounds that the court had no jurisdiction and that the complaint did not state facts sufficient to constitute a cause of action. The demurrer as to want of jurisdiction was sustained.

We are convinced that if this complaint states any cause of action it is for the infringement of the plaintiff's patents and that this is the gravamen of the pleading. The plaintiff relies, as the basis of its cause of action, on the ownership of patents, and the charge that the defendants have infringed

them is repeated many times. It is alleged that notice was given the defendants that the plaintiff owned the patents and that the defendants were infringing upon them; that the defendants had attempted to incorporate, that they were advertising that they were the inventors and held themselves out as the owners and patentees; that they threatened to continue their infringement; that they had used and copied the plaintiff's drawings in endeavoring to obtain a patent, and that they had manufactured and sold the article. These averments are all consistent with the general charge of infringement. Plaintiff's counsel claim that the action is for conspiracy, and rely on the general charge in the complaint that the defendants conspired to do the acts complained of. If the gist of the action is for the infringement of the plaintiff's patents, we do not consider that allegations as to the manner in which the infringement has been consummated essentially change the nature of the suit. It is well settled that the United States courts have exclusive jurisdiction of actions for the infringements of patents. 30 Cyc. 991; *Excelsior W. P. Co. v. Pacific B. Co.* 185 U. S. 282, 22 Sup. Ct. 681; *The Fair v. Kohler D. & S. Co.* 228 U. S. 22, 33 Sup. Ct. 410. It is not a jurisdiction concurrent with that of the state courts, although there are many decisions holding that state courts have jurisdiction to determine questions arising under contracts relating to patent rights, when such questions arise collaterally to a cause of action over which the state courts have jurisdiction. *Page v. Dickerson,* 28 Wis. 694; *Manning v. Galland-Henning P. M. D. Mfg. Co.* 141 Wis. 199, 124 N. W. 291. See, also, note in 1 L. R. A. 314. This is not true, however, as shown by the cases already cited, where there is a direct claim as to infringement.

"The test of jurisdiction is this: Does the complaint 'set up some right, title, or interest under the patent laws of the United States, or make it appear that some right or privilege will be defeated by one construction, or sustained by another, of those laws?' (*Excelsior W. P. Co. v. Pacific B.*

*Co.* 185 U. S. 282, 22 Sup. Ct. 681; *Pratt v. Paris G. L. & C. Co.* 168 U. S. 255, 259, 18 Sup. Ct. 62; *White v. Rankin,* 144 U. S. 628, 12 Sup. Ct. 768)." 2 Rogers, Patents, p. 1262.

We must hold that the action was brought for the infringement of the plaintiff's patents as shown by the whole tenor of the complaint; that the allegations as to the manner in which the infringement was carried on are merely incidental to the main subject and do not confer jurisdiction upon the state courts.

*By the Court.*—Order of the trial court affirmed.