## COLLINS vs. COWAN, imp.

*August 31 — September 27, 1881.*

LIEN ON LOGS: PLEADING: GENERAL LAW.  *(1) Joinder of causes of action. Presumption as to defendants' interest.  (2) Statute applicable to some counties only, a " general law."*

1. In an action against A. and B. and others under the statute which gives a lien upon logs for work done thereon, the complaint avers that during a specified period plaintiff worked upon said logs a certain number of days at the request of A., and during another specified period, immediately succeeding the former, he worked upon the same logs at the request of B. It also states the amount due on each employment, and demands a separate personal judgment for the one amount against A. and for the other against B., and a general judgment declaring a lien upon the logs for the aggregate of those amounts; but it does not show what interest either A. or B. had in the logs, or whether their interests were joint or separate, contemporaneous or successive, nor does it expressly allege that they had any interest therein.  *Held*, on demurrer,

    (1) That plaintiff is entitled in this action to a judgment establishing his lien for the whole amount, and there is no misjoinder of causes of action.

    (2) That it must be presumed, upon the complaint, that A. and B. had some interest in the logs, and were not trespassers.

2. The statute giving a lien for labor upon logs, though limited by its terms to certain counties, is a "general law" within the meaning of that term in the state constitution.

APPEAL from the Circuit Court for *St. Croix* County. Action to foreclose a lien upon logs. The substance of the

complaint will appear from the opinion. The defendant *Cowan* demurred to the complaint on the grounds that several causes of action had been improperly united, and that it did not state facts sufficient to constitute a cause of action; and he appealed from an order overruling the demurrer.

The cause was submitted for the appellant on the brief of *Glover & Vannatta:*

1. The complaint does not show that either Ayers or *Cowan* was the owner of the logs, nor that the work was done for the owner, agent, assignee or sub-contractor, nor even that it was done with the knowledge or permission of the owner. For aught that appears, plaintiff was a trespasser in performing the work. The plaintiff can have no lien, therefore, by virtue of sec. 12, ch. 153, R. S. 1858. Sec. 1, ch. 154, Laws of 1862 (R. S., sec. 3329), if construed to give a lien for work done under such circumstances, is so subversive of all the fundamental rights of property, as to be invalid. *Babka v. Eldred,* 47 Wis., 191. That law is, moreover, local, being limited in its operation to certain counties; and, since the title to the act does not show the locality to which it applies, it is invalid. *Durkee v. Janesville,* 26 Wis., 697. 2. The causes of action against the defendants *Cowan* and Ayers are entirely distinct and independent. Neither of such defendants has any interest in the logs, or the personal claim against the other, or any interest in the litigation to enforce a lien for such claim. *Bonnell v. Jacobs,* 36 Wis., 59; *Turner v. Duchman,* 23 id., 500.

For the respondent there was a brief by *Geo. D. McDill* and *N. H. Clapp,* his attorneys, with *John C. Spooner,* of counsel, and oral argument by *Mr. Clapp.*

COLE, C. J. The only question we deem of sufficient importance to require notice is that raised by the first ground of demurrer assigned by the defendant *Cowan,* viz., that several causes of action have been improperly united. The action is

brought to enforce a lien upon logs for work done upon them between the 16th day of July, 1878, and the 29th day of May, 1879. The complaint first alleges that the plaintiff, between the 16th day of July, 1878, and the 29th day of March, 1879, at the instance and request of the defendant Ayers, performed eight months and twelve days' work on logs marked as described, for an agreed price, stating the amount due on this employment. It further alleges that between the 28th day of March, 1879, and the 29th day of May following, the plaintiff, at the request of the defendant *Cowan*, performed thirty-seven days' work on logs having the same mark, for an agreed price, stating the amount due on this employment. A separate personal judgment is demanded against Ayers and *Cowan* for the amount due on each contract, and a general judgment that the whole amount be adjudged a lien upon the logs. There is nothing in the complaint to show what interest either Ayers or *Cowan* had in the logs; whether it was a joint interest or a distinct and separate one. It is not pretended, nor could it well be in view of the averments in the complaint, but that all the work was done on the same logs, or upon logs having the same mark. The real question, therefore, presented is, Can a laborer who performs services on the same logs for different persons have an action to enforce his entire lien, making such persons for whom he worked parties? In other words, should the lien be treated as an entirety, or should it be regarded as divisible, the amount due on each employment constituting a distinct lien which must be enforced by itself?

The learned counsel for the plaintiff argues that the lien under the different employments should be treated as an entirety, and that it would be against the policy of the statute, and subserve no useful purpose, to compel the plaintiff to bring two separate actions to enforce it. He says that in one aspect the proceeding is in the nature of an action *in rem* to subject the property to the payment of a debt upon which the lien is founded; that we must presume, upon the facts stated,

that both Ayers and *Cowan* had an interest in the logs, either joint or separate, or that one has succeeded to the rights of the other; and that certainly they have a common interest in defeating all liens upon the logs; so that, in either event, they are proper parties. We are inclined to adopt this view as being the correct one. The lien is surely given by the statute. The action to enforce the lien is *sui generis*. It bears some analogy to a libel *in rem*, and proceedings thereon in admiralty. But the object of the statute manifestly is to secure to the person who has performed any labor or services upon .logs or timber a lien for the entire amount due him for such labor and services. Section 3329 of the Revised Statutes, and *Munger v. Lenroot*, 32 Wis., 541. It declares that any person who does or performs any labor or services in cutting, hauling, driving or rafting any logs or timber, shall have a lien upon such logs or timber for the amount due for such services. Now, suppose a laborer is employed by A. to cut logs, by B. to haul them, by C. to drive or raft them: is it the meaning and policy of the statute that he should commence as many suits as he had different employers, to enforce his lien? As is well observed by plaintiff's counsel, it is the performance of the labor or services, and not the contract of employment or the relation that the employer bears to the logs, or the ownership thereof, that creates the lien. In the case just supposed, it certainly saves a multiplicity of suits to treat the lien as an entirety, capable of being enforced in one action. It gives each employer who may have some interest in the logs an opportunity of contesting the amount and right of lien, not only under his employment, but also as to the others. It further saves the common property from being consumed by costs in several suits, which seem unnecessary for the protection of any right. It is these considerations which induce us to hold the lien entire under the employments stated in the complaint, and that there is no misjoinder of causes of action. We must presume that Ayers and *Cowan* had some interest in the logs

upon which the plaintiff performed his services, and that they are not trespassers; and we think the service performed by the plaintiff, as stated, must be treated as a continuous one. We certainly cannot assume that the plaintiff was a trespasser in doing the work under these parties upon the property.

It was also suggested that because this law in terms is limited to certain counties, of which Burnett is one, it is local. But there can be no doubt that the law is general, under the repeated decisions of this court.

*By the Court.*— The order of the circuit court overruling the demurrer of the defendant *Cowan*, is affirmed.