SHAFER, by his next friend, Appellant, vs. HOGUE, Re-
spondent.

*December 13, 1887 — January 10, 1888.*

*Liens: Logs in another county: Levy of attachment: Jurisdiction: Per-*
*sonal judgment: Certiorari: Practice.*

1.  Ch. 222, Laws of 1880, does not authorize an officer to levy an at-
    tachment upon logs which are not within his county.
2.  In an action in the municipal court of Chippewa county to enforce
    a lien for labor upon logs, the writ of attachment was levied upon
    logs in Taylor county, but the defendant was personally served in
    Chippewa county and appeared on the trial.  *Held*, that the court
    had no jurisdiction to adjudge or enforce a lien on the logs, but
    might nevertheless render a personal judgment against the defend-
    ant for the amount found due.  Sec. 3340, R. S.; sec. 5, ch. 319,
    Laws of 1882; sec. 6, ch. 469, Laws of 1885.

3. The municipal court having, in such case, given a personal judgment and also adjudged the same to be a lien on the logs, the circuit court, on *certiorari*, should have quashed that part of the judgment giving the lien and that part giving costs, and should have affirmed the remainder of the judgment.

APPEAL from the Circuit Court for *Chippewa* County. The case is stated in the opinion.

For the appellant the cause was submitted on the brief of *Arthur Gough.*

For the respondent there was a brief by *Rusk & Boland,* and oral argument by *Mr. Boland.* They contended, *inter alia,* that the circuit court could not affirm a part of the judgment and reverse a part. It could not change a judgment from one *in rem* to one *in personam,* without going into the merits of the case, which could not be done on *certiorari.* If the lien part of the judgment is reversed there should be an order or judgment entered releasing the attached property, and a new judgment for the defendant for the costs of executing the attachment; and there should be a judgment reducing the costs of the plaintiff. But a new judgment cannot be rendered. *Newton v. Leary,* 64 Wis. 190; *Healy v. Kneeland,* 48 id. 497; *Bandlow v. Thieme,* 53 id. 57; *Smith v. Bahr,* 62 id. 244; *Starkweather v. Sawyer,* 63 id. 297.

COLE, C. J.    The plaintiff below commenced this action in the municipal court of Chippewa county to enforce a lien for his labor upon logs. The warrant of attachment was issued to the sheriff or any constable of the county; and the sheriff, by his deputy, made return that he executed the writ by levying upon certain logs of the mark described therein, which were "situated in and along the banks of the Jump river, a tributary of the Chippewa river, in Taylor county," and that he personally served the writ upon the defendant in Chippewa county. On the return day

of the writ the parties appeared and, by consent, continued the case to a subsequent day, when they again appeared, put in their pleadings, and went to trial upon the merits. After hearing the evidence, the municipal court found that the defendant was indebted to the plaintiff for labor done upon the logs described in the complaint, in the sum of $30.75, and gave a personal judgment for that amount against the defendant, and also adjudged that the same be a lien upon the logs seized on the warrant of attachment. The defendant took the case to the circuit court by common-law *certiorari*, where the judgment of the municipal court was reversed *in toto*. The case is brought to this court for a review of that decision.

We do not see any material error in the proceedings before the municipal court, except in that part of the judgment which attempted to give a lien upon the logs. The property was in Taylor county; consequently was not within the jurisdiction of the municipal court. It is suggested by the learned counsel for the plaintiff that ch. 222, Laws of 1880, authorized the sheriff to levy upon the logs though they were not found in his county; but we do not think this is the intent of that law. That statute does not enlarge the jurisdiction of the municipal court, nor extend the power of the officer, but it merely enables the sheriff to make a valid constructive levy upon logs in his county, in the manner therein prescribed, without the necessity of an actual view of the property. Ordinarily, he would have to make a levy upon an actual view and taking possession. The law dispenses with this, and makes a constructive levy good. It is clear that the municipal court exceeded its jurisdiction in adjudging the amount of its judgment a lien upon logs which were not within the limits of Chippewa county.

The judgment as to the lien should have been quashed by the circuit court; but as to the personal judgment, which

was clearly correct, it should have been affirmed. The counsel for the defendant insists that the municipal court had no jurisdiction to give such a judgment, because the logs attached were not within Chippewa county. But this is a mistake. The proceeding under our statute serves a twofold purpose: Chiefly and primarily to enforce a lien upon logs and timber for labor done upon them, and also to obtain a personal judgment for the amount due the plaintiff. So, where the court or jury which tries the case finds that the amount due the plaintiff for labor is a lien upon the property, judgment is rendered in accordance with that finding; but, where it is found that such amount is not a lien, then the property is released from the attachment, where it has been legally seized, but the plaintiff has a personal judgment for the amount so found due, with costs, as in ordinary civil actions, but recovers no costs for executing the attachment, but has to pay them. This is the express language of the statute upon the subject. Sec. 5, ch. 319, Laws of 1882; sec. 6, ch. 469, Laws of 1885; sec. 3340, R. S. Here the action for services rendered was of course transitory. The municipal court had jurisdiction of it. Sec. 3, ch. 301, Laws of 1885. There was personal service of process, and the defendant appeared on the trial. What possible objection was there to the personal judgment thus rendered for the amount due the plaintiff, regardless of all question as to his right to a lien? None whatever, and the statute clearly authorized the rendering of such judgment under the circumstances.

That part of the judgment which gave a lien upon the logs is distinct and separate from that which gave a personal judgment; consequently, the circuit court should have quashed that part and affirmed the remainder. This is the rule which has been laid down in this court as the correct one in such cases. " On common-law *certiorari*, the judgment of the inferior court is reversed in whole or in part as the case warrants." *Bandlow v. Thieme*, 53 Wis.

59; *Hurlbut v. Wilcox,* 19 Wis. 420; and the authorities cited in the opinions. But where the several parts of the proceedings are connected together, and depend upon each other, there the whole must be quashed, and not a part. *Comm. v. Blue Hill Turnpike,* 5 Mass. 420. In *Comm. v. West Boston Bridge,* 13 Pick. 196, SHAW, C. J., says: "It appears to be well settled that upon a return of a writ of *certiorari* the court will not enter a new judgment where the proceedings are found erroneous; but if the proceedings are so independent of and disconnected with each other that a part may be quashed and leave the remainder an entire, beneficial, and available judgment for the purposes for which it was intended, the court may quash that which is erroneous and affirm the remainder." Applying this rule to the case before us, it follows that the circuit court should have quashed that part of the judgment of the municipal court which gave a lien as well as that which gave costs, because illegal costs were included or taxed which could not be separated in the superior court, and should have affirmed the remainder of the judgment.

Therefore we reverse the judgment of the circuit court, and remand the cause with directions to that court to enter such a judgment as is indicated in this opinion.

*By the Court.*— Ordered accordingly.