REINDL and another, Respondents, vs. HEATH and another, Appellants.

*February 27 — March 19, 1901.*

*Pleading: Joinder of causes of action: Contracts: Nature of lien action: Judgment.*

1. A cause of action to recover for work done by plaintiffs under a contract with defendants for the sawing of logs, and to enforce a lien therefor upon lumber so sawed and still in the ownership of the defendants, is a cause of action upon contract, and, under sec. 2647, Stats. 1898, may be joined with a cause of action to recover for a breach of a provision in the same contract by which defendants agreed to furnish a certain quantity of logs to be sawed. Re-

Reindl and another vs. Heath and another.

marks in *Collins v. Cowan*, 52 Wis. 634, and *Shafer v. Hogue*, 70 Wis. 392, as to the nature of lien actions; limited, and the cases distinguished.

2. Judgment in plaintiffs' favor in such a case should provide for a recovery of the entire amount of the liability, and direct enforcement of the lien for such portion only as was properly lienable.

APPEAL from an order of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Appeal from order overruling a demurrer to the complaint for improper joinder of causes of action. The complaint set forth a contract whereby the plaintiffs agreed to manufacture "all the saw logs that may be purchased and delivered by the parties of the second part [the defendants] at the mill-yard of said first parties . . . during the winter of 1899 and 1900, which shall not be less than four million feet," at prices named. The first cause of action alleges performance of work in accordance with this contract to an amount in excess of payments of $1,204.89, prays recovery therefor, and that the same be adjudged a lien upon the lumber so sawed, now in the possession of the defendants. The second cause of action alleges failure by the defendants to furnish the full 4,000,000 feet of lumber, and that by reason of such failure plaintiffs suffered damage in idleness of mill, etc., in the sum of $6,000, recovery of which is prayed.

For the appellants the cause was submitted on the brief of *Quarles, Spence & Quarles.*

For the respondents there was a brief by *Bouck & Hilton,* and oral argument by *Gabe Bouck.*

DODGE, J. By express statute (sec. 2647, Stats. 1898) it is provided: "The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable, or both, where they arise out of (1) the same transaction, or transactions con-

nected with the same subject of action; or (2) contract, express or implied."

It seems entirely obvious that the two causes of action against the defendants set forth in this complaint both arise out of contract; indeed, out of the same contract. The first is a cause of action to recover upon defendants' breach of the provision of that contract to pay certain money for services rendered. The second cause of action is to recover damages for the same defendants' breach of another provision of that contract to supply a certain quantity of timber to be sawed. Thus stated, there seems to be hardly room for argument, but the fact is pressed upon our attention that accompanying the allegation constituting the first cause of action are allegations of other facts sufficient to entitle the plaintiffs to a lien upon the lumber sawed and still in the ownership of the defendants, and a prayer for such relief, in compliance with sec. 3331, Stats. 1898. This, it is contended, transforms the first cause of action from one arising out of contract into something else, and this view is supported by a quotation from *Collins v. Cowan*, 52 Wis. 634, 637, where it is said: "The action to enforce the lien is *sui generis*. It bears some analogy to a libel *in rem* and proceedings thereon in admiralty." Also from *Shafer v. Hogue*, 70 Wis. 392, 395: "The [lien] proceeding under our statute serves a twofold purpose: *chiefly and primarily* to enforce a lien upon logs and timber for labor done upon them, and also to obtain a personal judgment for the amount due the plaintiff." Those remarks were addressed in both cases to the proceeding to enforce liens upon lumber, the property of a person other than the employer of the labor, and who, therefore, was not liable upon contract for the debt; and they are fully justified in that point of view. That distinction receives significance in *Munger v. Lenroot*, 32 Wis. 541, 545, where it is said: "So far as the general owner is concerned, if he does not himself employ the laborer, the proceeding is strictly *in rem*."

A suit against the employer which also seeks to enforce a lien upon lumber still in his ownership has a different aspect. There the recovery of the money which the defendant has contracted and failed to pay is obviously the chief and primary purpose of the suit, and the lien statute but serves to supply an additional remedy or means of enforcing the payment of such indebtedness when adjudged. The action against the employer to recover the contract debt is, of course, an action arising out of contract, and as to such defendant it is not transformed in its character by the annexation thereto of allegations and prayer for the ancillary remedy by way of lien. This was substantially decided in *Lackner v. Turnbull,* 7 Wis. 105, where it was held that a simple action for the recovery of money for work, labor, and materials was not changed in character by an amendment praying a mechanic's lien and alleging the additional facts necessary to support such demand. Had these plaintiffs originally sued for the two kinds of recovery now sought, without seeking a lien for the security of either, the contract character of the two causes of action would be too obvious for debate. But that situation, according to the case last cited, would not be changed by an amendment bringing in the application for a lien as an adjunct to one of the causes of action; nor is it changed by addition of such averments and prayer in an original complaint. In other words, misjoinder would not be and is not thereby brought about. The contract character of the first cause of action *quoad* the contract debtor himself is confirmed by several cases in this court holding that the action is one on contract and at law. *Marsh v. Fraser,* 27 Wis. 596; *De Morris v. Wilbur L. Co.* 98 Wis. 465.

No difficulty in formulating a proper judgment can arise from the joinder of these two causes of action. It is entirely competent for the court to adjudge a total money liability, and to adjudge and direct the enforcement of lien for only

a portion thereof against certain property. We hold, therefore, that the joinder of the two causes of action in the complaint before us is authorized upon the second ground stated in the statute above quoted. Such conclusion relieves us from consideration of the arguments on both sides as to whether it is also authorized upon the first ground.

*By the Court.*— The order overruling the demurrer is affirmed.