St. Croix Timber Company, Respondent, vs. Joseph and others, Appellants.

*February 2—February 22, 1910.*

*Equity: Jurisdiction: Liens on logs: Property as surety: Offsets of principal debtor against claims of lienors: Compelling application: Marshaling assets: Foreclosure of liens: Parties: Demurrer.*

1. Where a court of equity has jurisdiction over some substantial portion or incident of a controversy such jurisdiction will extend to and embrace the whole subject matter of such controversy.

2. Where the owner of logs is not personally liable for payment of lienable claims for labor performed on the logs for a con-

tractor, but the logs occupy the position of surety for the payment, such owner is entitled to equitable relief *quia timet* if, by collusion between the claimants and the contractor, who is insolvent, the claimants have refrained from applying on their claims debts due from them to the contractor which are the subject of equitable setoff and would extinguish the claims, and are proceeding to enforce liens upon the logs.

3. In an action by the owner of logs for such relief the lien claimants must, except for the setoffs, have all the advantages of an attachment of the logs and foreclosure of their liens by separate and independent actions; and if anything is found due to any of them the liens therefor of all those so prevailing will be foreclosed by the judgment and, unless redeemed, a single sale of the logs in their behalf will be directed.

4. The equitable jurisdiction in such case is supplemented by the jurisdiction to marshal assets as well as to marshal securities.

5. The foundation of the owner's right to relief in such case being the existence of valid lienable claims against the contractor, from which the logs should be relieved by the application of the offsets, no cause of action is stated against lien claimants whose right to a lien is expressly negatived by the complaint.

6. The contractor, being the principal debtor, is a necessary party to the action.

7. Supplies advanced by the owner of the logs to the contractor for his camps having been put by the contractor into a store conducted by himself and a partner and then sold on credit to the lien claimants, and the contractor, after becoming insolvent, having-assigned his interest in the goods and the accounts to his partner, who claims to own the same, such partner is, under sec. 2603, Stats. (1898), a proper party to the action.

8. A general demurrer to a complaint will be overruled if a cause of action is stated as to some, though not all, of the defendants joining in such demurrer.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

The cause was submitted for the appellants on a brief signed by *Crownhart & Foley,* attorneys for *Sarkis Joseph* and *Charles Domitt,* and by *Dietrich & Dietrich,* attorneys for the other appellants; and for the respondent on the brief of *Luse, Powell & Luse.*

Among references cited upon the part of the appellants were the following: *Stein v. Benedict,* 83 Wis. 603, 53 N. W.

891; *Ellis v. Southwestern L. Co.* 102 Wis. 409, 78 N. W. 583; *Richards v. Allis,* 82 Wis. 509, 52 N. W. 593; *Ill. S. Co. v. Schroeder,* 133 Wis. 561, 113 N. W. 51; *Magnuson v. Clithero,* 101 Wis. 551, 77 N. W. 882; *Munger v. Lenroot,* 32 Wis. 541; *Turner v. Duchman;* 23 Wis. 500; *Blake v. Van Tilborg,* 21 Wis. 672.

Counsel for the respondent cited, among other authorities, *Dobie v. Fidelity & C. Co.* 95 Wis. 540, 70 N. W. 482; *Momsen v. Noyes,* 105 Wis. 565, 81 N. W. 860; *Goss v. Lester,* 1 Wis. 43; *Pendleton v. Beyer,* 94 Wis. 31, 68 N. W. 415; *Smith v. Dickinson,* 100 Wis. 574, 76 N. W. 766; *Draper v. Brown,* 115 Wis. 361, 91 N. W. 1001; *Ellis v. N. P. R. Co.* 77 Wis. 114, 45 N. W. 811.

TIMLIN, J.   After averring that the plaintiff is a foreign corporation licensed to do business in Wisconsin, the complaint set forth in detail the ownership by the David Tozer Company of certain described lands in Wisconsin and Minnesota, and by the plaintiff of certain described lands in Wisconsin.   For the purpose of having the timber on these lands cut, hauled, and delivered afloat in the Spruce river during the logging season of 1908–1909, the David Tozer Company made two contracts and the plaintiff one contract with the defendant *Sarkis Joseph.*   The contracts were substantially similar in their covenants and requirements.   The two made by *Sarkis Joseph* with the David Tozer Company were made on October 24, 1908, and that by *Sarkis Joseph* with the plaintiff on December 26, 1908.   *Sarkis Joseph,* for the purpose of carrying out these contracts, established three camps, two of them for housing and feeding the men and teams necessary to carry out the David Tozer Company contracts, and one for like purposes with reference to all three contracts.   The logs from the David Tozer Company land were marked with a certain log mark; those from the plaintiff's land with a different log mark.   A quantity of logs was cut and delivered in the Spruce river.   The logs

from the different camps are there commingled and are now in the Spruce, Tamarack, and St. Croix rivers.

Numerous averments are made tending somewhat to show that *Sarkis Joseph* performed substantially each of these three contracts. No express averment is found showing the extent to which performance was carried or the number or quantity of logs delivered. But this is not essential with respect to the lien claimants defendant.

Under the statutes of this state (secs. 3329–3342$b$, Stats. 1898), which give to any person who shall do or perform any labor or services in cutting, hauling, felling, etc., of logs, or timber, etc., a lien upon such material for the amount due or to become due for such labor or services, eleven person employed by or contractors of *Sarkis Joseph* filed such liens against these logs so delivered and being in the rivers above described. Among these eleven persons were the defendants *M. H. Carroll,* who filed a lien for $330, *Maggie Carroll* for $160.93, *Joe Carroll* for $83.33, *Willie Carroll* for $31, and *Jennie Carroll* for $63.60. These defendants last above named were employed by *Sarkis Joseph,* and each performed labor and services entitling him or her to a lien on the logs. This labor and service was paid for in part by *Sarkis Joseph,* and the latter also furnished merchandise to these lien claimants for which they owed *Sarkis Joseph,* and the amount thus owing from each, if applied to or offset against his or her claim for lien, would extinguish such claim. The defendant *Hans Wester* also filed a lien for $371.44 for the labor and services of himself and his team of horses, part of which has been paid, and *Wester* is indebted to *Sarkis Joseph* in such amount that, if this indebtedness were applied in offset of his lien claim, the lien claim would be thereby extinguished. *E. O. Kreiner* has filed a lien for $1,275, which has been paid in part, and *Kreiner* is indebted to *Sarkis Joseph* in an amount equal to or in excess of the lien claimed and it should be offset against the latter; that if this be offset or applied in payment, the lien claim of

*Kreiner* will be discharged.    *James Bailey,* contractor, who performed labor and services within the statute, filed a lien for $323.08 and began a suit to foreclose his lien.   *Sam Genung,* under a like contract, performed labor and services on these logs, filed a lien for $196.15, and began action to foreclose this lien.    They have been paid in part, and they are each indebted to *Sarkis Joseph* in an amount which, if offset against their respective lien claims, would extinguish and discharge such claims.    *Oscar Norine,* pursuant to a contract with *Sarkis Joseph,* performed labor and services on these logs and has filed a lien for $287.30.    He was paid in part, and he is indebted to *Sarkis Joseph* in an amount which, if offset against his lien, would extinguish the same.    *Fred A. Hodge,* who has filed a lien under this statute for $834.32, performed no labor or service, but furnished certain teams of horses, *Hodge* not being the owner of said teams nor employed or working with them.    *Hodge* has been paid in part for furnishing horses, but he has no valid lien or claim for lien against the logs.    The David Tozer Company since the making of said contracts with it has paid on account of the contracts to *Sarkis Joseph* and by his authority to the other defendants herein, for services rendered by them, an aggregate of about $28,000, which said sum paid *Sarkis Joseph* for all the work done under said two contracts except $215, which is still due him.    The plaintiff paid under its contract to *Sarkis Joseph* and to the other defendants upon his order $9,504.10, which paid *Sarkis Joseph* for all the work done on its contract with him except $514.33, which is still due him.    This is quite immaterial, except as showing that a balance of $729.33 belonging to *Sarkis Joseph* remains in plaintiff's hands which should be applied equitably when it can be ascertained how and to whom, and as showing that *Sarkis Joseph* is not indebted to the plaintiff or the Tozer Company for advances on the contracts mentioned.    The Tozer Company and the plaintiff each furnished to the defendant *Sarkis Joseph* a large amount of supplies, consisting

of goods, wares, and merchandise, provisions, and horse feed, for the boarding of the men and teams at the several camps, and neither the Tozer Company nor the plaintiff had any accurate means of knowing whether these supplies were all delivered or used or consumed at the camps where the work of putting in the logs was in progress.  *Sarkis Joseph* fraudulently misappropriated a large amount of said supplies. About April or May, 1909, he became insolvent. Notwithstanding *Joseph* had fully paid the defendants for their work on the logs by way of money, supplies, and goods and by indebtedness owing by them and each of them to him, he conspired with said lien claimants to conceal these credits, and to file and prosecute claims for liens against the logs in question which were false and unfounded, and to enforce these claims and collect them and turn the avails over in whole or in part to *Sarkis Joseph.*  The logs in question are all commingled and are in the counties of Douglas, Burnett, Polk, and St. Croix.  The David Tozer Company sold and transferred all its logs to the plaintiff, and, in connection therewith, transferred any and all rights of action with reference thereto and upon the contracts in question, and all claims in any wise growing out of said contracts against *Sarkis Joseph* or any person claiming by, through, or under him, etc. Two of the lien claimants have already commenced actions for the foreclosure of their liens and the others threaten and intend so to do.

The lien claimants jointly demurred to the foregoing complaint on the ground that it did not state facts sufficient to constitute a cause of action against them and also for misjoinder of causes of action.  The defendant *Sarkis Joseph* and the defendant *Charles Domitt* each separately demurred on the same grounds.

It is an elementary rule of equity jurisprudence that, where the jurisdiction of a court of equity exists over some substantial portion or incident of the controversy, such jurisdiction will extend to and embrace the whole subject matter

of such controversy.   1 Pom. Eq. Jur. (3d ed.) §§ 231–242.
The lien claimants defendant have by statute in this state
liens existing in favor of each upon the logs in question.
The logs are commingled, those marked with the same mark
not capable of separate identification, and also the persons
working in one camp are shown to have performed work on
both the Tozer logs and the logs which came from plaintiff's
land.   Each lien to a greater or less extent overlaps the
other liens, and must be either prior to, subsequent to, or con-
current with the other liens on the same logs, and each may
be thus affected by the amount of the other, at least in the
matter of payment or redemption.   Each lien is asserted
by attachment following the filing of the lien claim, fore-
closed by judgment at law following the attachment, and
there may be a separate sale of the same group or batch of
logs on each of several liens.   There may be as many sep-
arate sales of logs as there are lien actions and as many
separate actions as there are workmen or contractors, and
those claiming liens for $200 or less may proceed in justice's
court and others in superior court, and still others in circuit
court, so as to prevent or make difficult consolidation.   The
plaintiff is the owner of all the property upon which these
liens rest.   Its property is security for their payment.
This property is liable for the payment of these liens whether
the plaintiff owes *Sarkis Joseph* or not on his contract.
*Reindl v. Heath,* 109 Wis. 570, 85 N. W. 495, and cases.
But the lien claimants are creditors of *Sarkis Joseph* and he
is the principal debtor.   It is averred that he is insolvent.
Property may occupy the position of surety in law or equity.
27 Am. & Eng. Ency. of Law (2d ed.) 433, and cases in
note 6; 1 Brandt, Suretyship & G. (3d ed.) § 43.

"Real suretyship arises where certain specific property
can be taken to enforce payment of another's debt, or the
performance of some duty owing by another, and the owner
of such property, if he would save it, must pay or perform,
but he is not personally liable in damages."   Childs, Surety-
ship & G. p. 14, par. 22.

The owner of property in this condition is in a proper case entitled to the remedies given by equity. 1 Brandt, Suretyship & G. (3d ed.) § 369, and cases. This jurisdiction of equity is sometimes put upon the right of the surety in that court to exoneration, and sometimes, and more properly, we think, upon the equitable right of the surety to relief *quia timet;* that is, the right to have his property relieved of the threatened sacrifice thereof created by the unjust and illegal demand of the creditor by removing the incumbrance altogether by discharge, by equitable application of setoffs, by compelling the principal debtor to pay, or by reducing the demand of the creditor to its due and equitable proportion, and permitting the surety to redeem his property therefrom by payment of the true amount, if any amount is found due. 4 Pom. Eq. Jur. (3d ed.) § 1417, and cases in note; *Harris v. Newell,* 42 Wis. 687; *Dobie v. Fidelity & C. Co.* 95 Wis. 540, 70 N. W. 482; *Level L. Co. v. Sivyer*, 112 Wis. 442, 88 N. W. 317; Childs, Suretyship & G. 137, 138, and cases in notes. But, invoking this equitable remedy, the person whose property occupies the relation of surety is subject to equitable restrictions and limitations necessary for the protection of the creditor. Seeking equity he must do equity. He cannot, for example, ask to have certain property of the person who stands in the relation of principal to him applied on the claim of the creditor so as to discharge the surety's property and at the same time aver that the creditor has no claim. Such positions would be inconsistent. The foundation of his right to such relief in an action like this is that the creditor has a valid claim against the principal debtor from which the surety property should be relieved by the application upon that claim of property of the principal debtor or of offsets belonging to the principal debtor not otherwise available. No other rule would be just to the lien claimants. Childs, Suretyship & G. 11, 137, 138; *Dobie v. Fidelity & C. Co., supra; Level L. Co. v. Sivyer, supra; Momsen v. Noyes,* 105 Wis. 565, 81 N. W.

·860. This equitable jurisdiction is in the instant case supplemented by the jurisdiction to marshal assets as well as to marshal securities, and here equity exacts the same concessions from its suitor. 4 Pom. Eq. Jur. (3d ed.) § 1414, and ·cases. This complaint must therefore be construed as admitting that a lienable demand exists in favor of each of the ·defendants who have filed liens except the defendant *Hodge*. In his case the complaint expressly negatives his right to a lien. As to him it states no cause of action. But *Hodge* joined in a demurrer with the other defendants against whom the complaint does state a good cause of action, and ·therefore he must avail himself of this defect otherwise. *Mark Paine L. Co. v. Douglas Co. Imp. Co.* 94 Wis. 322, 68 N. W. 1013.

With reference to the other lien claimants defendant, the ·complaint must be held to mean that, having a lienable claim, :and a lien filed for a balance due for labor and services on these logs for which they were entitled to a lien, by collusion ·with the defendant *Sarkis Joseph* and with his consent they refrained from applying, against this balance of their lien- ·able claim, demands due from each lien claimant to *Sarkis Joseph* which were equitably the subject of setoff against the lienable claim and which if set off would extinguish that claim. The lien claimants in this action thus must, except for the setoff, have all the advantages which could result to them from an attachment of the logs and a foreclosure of their liens by separate and independent actions, and ·the liens are in fact foreclosed by the decree to be made in an action like this if anything is found due on either of such liens, and, unless redeemed, proceed to a single sale in behalf ·of all who prevail. If the lien claim is found to have been ·discharged by payment or equitable setoff there is finding and judgment to that effect. The demurrers of the lien claimants were therefore properly overruled. The principal debtor is always a necessary party to such an action, and his ·demurrer was properly overruled.

. With reference to the defendant *Charles Domitt* the case is not so clear. The complaint avers that *Domitt* and *Sarkis-Joseph* were copartners carrying on a mercantile business at. the time *Sarkis Joseph* was engaged in carrying out the contracts in question. The plaintiff and its assignor furnished *Sarkis Joseph* supplies for his camps, and a considerable part of these supplies were by him put into the store of *Domitt* and *Joseph,* and by the latter sold on credit to the lien claimants. Later *Sarkis Joseph,* becoming insolvent, assigned his interest in this stock of goods and in these accounts to *Domitt,* and *Domitt* claims to own the same. It is not averred that the transfer to *Domitt* was fraudulent, and the purpose of the pleader in making *Domitt* a party is not very clear. Our statute permits the joinder of causes of action only when they arise out of the same transaction or transactions connected with the same subject of action and belong to one of the classes specified in sec. 2647, Stats. (1898), and affect all the parties to the action. The complaint here avers that in each case there is a debt due from each lien claimant to *Sarkis Joseph,* the principal debtor, which, if offset against the lien claimed, will extinguish by payment that claim. Also that as a result of the transactions between *Sarkis Joseph* and the plaintiff and its assignor there is a balance due *Sarkis Joseph.* A majority of this court, however, are of opinion that *Charles Domitt* is a proper party under sec. 2603, Stats. (1898), and this is the only ground urged by respondent to sustain the order of the court below in overruling his demurrer. *Hausmann Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587, 67 N. W. 1136; *Rowell v. Rowell,* 122 Wis. 1, 11, 99 N. W. 473.

*By the Court.*—The order overruling the several demurrers is affirmed.

BARNES, J., dissents.