NORTHERN MINNESOTA DAIRY FARM LAND COMPANY, Appellant, vs. HASWELL, Respondent.

*June 7—July 8, 1922.*

*Judgment: Part payment: Agreement to satisfy: Consideration: Corporations: Authority of officers: Ratification.*

1. Where a judgment debtor applied to a judgment creditor for an extension of time in which to pay his debt and paid $100 and gave his promissory note for the balance, and the judgment creditor agreed to satisfy the judgment, such agreement was based on a consideration.
2. The executive officers of a corporation are presumed to have authority to carry on its ordinary business; and, whether or not the officers originally had authority, the retention by the corporation for several years of a part payment of the debt and a promissory note given for the balance constituted a ratification of the acts of its officers in accepting them.
   ESCHWEILER, J., dissents.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from an order of the circuit court directing that a judgment entered upon cognovit in said court on the 16th day of May, 1917, be satisfied, and refusing permission to plaintiff to issue execution upon same.

The plaintiff made application to the court for leave to

issue execution on said judgment.   The defendant there-upon asked that said judgment be satisfied, claiming that the same had been paid.   The court took testimony, from which it appears that after the entry of judgment in 1917 the defendant applied to the plaintiff for an extension of time in which to pay the debt, and finally paid $100 and gave his promissory note, payable in the future, for the balance, less the costs taxed in the proceeding.   Defendant claimed that this was in pursuance of an agreement that the plaintiff should satisfy the judgment.   The court found for the defendant and ordered the judgment satisfied.   The plaintiff claims that its president and secretary, who acted for the corporation, had no authority to satisfy the judgment and take the note in place thereof.

For the appellant there were briefs by *Hall & Baker* of Madison, and oral argument by *Frank W. Hall.*

For the respondent there was a brief by *Duckert & Porter* of Madison, and oral argument by *R. F. Duckert.*

CROWNHART, J.   The agreement made between the parties, as found by the court, was not an agreement to cancel a debt, but was simply part payment and extension of time for the balance, with the substitution of a negotiable promissory note in place of the judgment.   Part payment of a debt and the substitution of one form of evidence thereof for another, or the canceling of one evidence of debt and the taking of a new evidence of debt and extension of time for payment, is a common, every-day commercial trans-action, based on sufficient consideration.

The executive officers of a corporation are presumed to have authority to carry on its ordinary business.   In this case the corporation received the new evidence of debt and the part payment and retained the same for several years. Whether or not the officers had original authority, it is per-fectly plain that their acts were ratified, and the corporation cannot now be heard to say that they did not have authority.

The plaintiff contends that there was no agreement as claimed by the defendant, but the finding of the court is based upon sufficient credible evidence, and for that reason it cannot be disturbed by this court.

*By the Court.*—The order of the circuit court is affirmed.

ESCHWEILER, J. (*dissenting*).   In this case no question is raised but that defendant was legally and honestly indebted to the plaintiff at the time of the giving of the judgment note.   Judgment thereon was entered May 16, 1917. While the execution was still outstanding, defendant on June 11th paid $100 and gave his note for $1,022.48, which was the exact balance then due except for the costs.   The same collateral that had been standing as security for the judgment note was continued and no other or additional security given, and the second note fell due June 2, 1918, and no part thereof has been paid.

The transaction in which the $100 was paid and the new note given, was not an accord and satisfaction and could not be treated as a payment or release of the original obligation.   It was a part payment on a past-due money obligation and could supply no consideration for a release of the original obligation except as to the $100 paid.   *Weidner v. Standard L. & A. Ins. Co.* 130 Wis. 10, 15, 110 N. W. 246.

The defendant claimed to have an agreement whereby the judgment then outstanding against him is to be released and discharged, but then takes no steps whatsoever to have the same done and allows the matter to rest for four years after the agreement and three years after he had failed to make good his promise to pay.   He now makes the vague allegation that he has, and is advised that he has, a good defense at law to this second note, but fails to disclose what such possible defense can be.   It can hardly be as to the first note, because he recognized its validity in the giving of the new; hardly as to the new, because he must rely upon its validity as consideration for the relief he now asks.   In the same

action in which the judgment was entered against him he now asks for equitable relief against such judgment. It does not alter the essential nature of the relief sought that he predicates it upon an alleged agreement that such judgment should be satisfied and discharged. In substance and effect it is but asking a court of equity to relieve a judgment debtor from a lawful judgment entered against him when such debtor makes no attempt to pay his honest past-due and subsisting debt. When he obtained the promise, if such he did obtain, for a release of the judgment by the payment of $100 and the giving of the note, the consideration for any such agreement was certainly not the mere signing of a piece of paper by the defendant, but it was his promise to pay at the time therein specified the amount therein mentioned. There is a total failure of consideration on his part by his failure to pay or offer to pay this obligation. For that reason alone I think he should have been denied relief.

He has come into a court of equity for equitable relief, and seeking equity he should do equity, namely, pay his honest obligation. *St. Croix T. Co. v. Joseph,* 142 Wis. 55, 62, 124 N. W. 1049; 10 Ruling Case Law, 392; 21 Corp. Jur. 172.

He has slumbered on his rights. The relief he now seeks he was entitled to, if at all, in June, 1917. He failed to obtain such satisfaction or to see that the same was made on the record, and has allowed the situation to so rest and then defaulted in his renewed promise to pay. He has failed, therefore, in the diligence which a court of equity should require under such circumstances and should be denied relief on that ground. 10 Ruling Case Law, 385, 395; 15 Ruling Case Law, 745; 21 Corp. Jur. 193; *McDonald v. Markesan C. Co.* 142 Wis. 251, 258, 125 N. W. 444.