Dobie, Respondent, vs. Fidelity & Casualty Company of New York, Appellant.

*February 27 — March 16, 1897.*

*Principal and surety: Exoneration.*

A surety may, by action in equity, compel his principal to exonerate him by discharging the debt for which both are liable, without first paying it himself.

Appeal from a judgment of the circuit court for Douglas county: A. J. Vinje, Circuit Judge. *Affirmed.*

One Knute Anderson obtained a judgment against M. C. Burke and John Burke. The action was for personal injuries. The *Fidelity & Casualty Company* was an insurer of the Burkes against such claims, and was defending the ac-

tion.   It procured *Dobie* and Tennis to become sureties on the appeal, and gave them its own bond in the sum of $7,000 to indemnify them, conditioned to "answer for all damages, interest, and costs, if any, that shall be adjudged" against the defendant, and "to save said Tennis and *Dobie* harmless from all costs and damages on account of their obligation as sureties."   Judgment went against the defendant on the appeal, and Tennis and *Dobie* became liable on their undertaking. No part of the judgment has been paid. The plaintiff brings this action to compel the defendant, the *Fidelity & Casualty Company*, to pay the judgment, and so exonerate the plaintiff from liability.   The plaintiff had judgment upon the pleadings, according to the demand of his complaint, and the defendant appeals.

The case was submitted for the appellant on the brief of *Ross, Dwyer & Hanitch*, and for the respondent on that of *Thorson & Crawford*.

To the point that in order to recover on a contract to indemnify against liability, the plaintiff must show not only liability but loss, counsel for the appellant cited *Ewing v. Reilly*, 34 Mo. 113; *Maloney v. Nelson*, 144 N. Y. 182; *Churchill v. Hunt*, 3 Denio, 321; *Campbell v. Rotering*, 42 Minn. 115; *Lathrop v. Atwood*, 21 Conn. 117, 123.

NEWMAN, J.   The question presented is whether the complaint states a cause of action.   The action is by a surety to compel his principal to pay the debt for which both are liable, for the exoneration of the surety.   It is ultimately the defendant's liability.   That party is the principal debtor, who is ultimately liable for the debt.   The question is whether a surety can, in equity, compel his principal to exonerate him from liability, by extinguishing the obligation, without having first paid it himself.   It seems to be well settled that a surety against whom a judgment has been rendered may, without making payment himself, proceed in

equity against his principal to subject the estate of the latter to the payment of the debt, in exoneration of the surety. 2 Beach, Mod. Eq. Jur. § 903; 3 Pomeroy, Eq. Jur. § 1417; Willard, Eq. Jur. 110; *United N. J. R. & C. Co. v. Long Dock Co.* 38 N. J. Eq. 142; *Beaver v. Beaver*, 23 Pa. St. 167; *Gibbs v. Mennard*, 6 Paige, 258; *Warner v. Beardsley*, 8 Wend. 194; 7 Am. & Eng. Ency. of Law, 486, cases in note.

*By the Court.*— The judgment of the circuit court for Douglas county is affirmed.