Harriet A. Roberts v. American Bonding & Trust Co.

1. Principal and Surety—*Principal May Be Compelled to Pay the Debt.*—A surety can not be required to wait until he has made payment before he may go into equity and compel his principal to pay the debt.

2. Sureties—*Have the Right to be Protected from Loss.*—A surety

has the right, as against his principal, to be protected from loss by reason of his suretyship, so far as it can be done without prejudice to the rights of the creditor.

3. SAME—*Upon What the Doctrine Rests.*—The doctrine in such cases rests upon the simple right, as between the principal and surety, that the surety has to be protected by the principal. The form in which that protection may be secured is not material where the right to it exists, and it can be had without prejudice to the creditor.

4. SAME—*Duty of the Principal.*—The obvious duty of the principal to perform must exist before its performance will be enforced, and if added to that there is the prevention from circuity of action, a plain case ordinarily exists.

**Appeal from an Interlocutory Order** appointing a receiver, entered by the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed July 11, 1899.

GILBERT & FELL, attorneys for appellant.

PAM, DONNELLY & GLENNON, attorneys for appellee.

A surety may, when the debt of his principal is due, without paying it, come into a court of equity and maintain a bill for the purpose of compelling his principal to pay the debt, and for that purpose to apply property which should equitably be used in the discharge of that indebtedness. Moore v. Topliff, 107 Ill. 241; Street v. Chicago Wharfing Co., 157 Ill. 605; Ridgeway v. Potter, 114 Ill. 457; Dobie v. Fid. & Cas. Co. (Wis.), 70 N. W. Rep. 482; Neal v. Buffington (W. Va.), 26 S. E. Rep. 172; Irick v. Black, 17 N. J. Eq. 189; D. L. & W. R. R. v. Oxford Iron Co., 38 N. J. Eq. 151, 153.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver to take charge of and preserve certain first mortgage bonds issued by the Merrimac Building Company and delivered to appellant in payment for certain real estate belonging to the estate of appellant's deceased husband, and sold by appellant to one Fuller. Although there were several defendants to the bill, Harriet A. Roberts alone appeals.

According to the bill of complaint, appellant's husband, William Roberts, died possessed of certain real estate which by his will he devised to her. Such devise was subject to debts which might be proved against the estate of said William Roberts, deceased. But appellant wished to sell said real estate before the elapsing of the period within which debts against said estate might be proved, and she procured a purchaser thereof in one George A. Fuller, who, however, would not accept a conveyance thereof, and pay therefor, except upon being indemnified against debts which might be proved against said estate. For the purpose of so indemnifying said Fuller, appellant, as principal, and appellee as surety, entered into an indemnifying bond to said Fuller in the penal sum of $70,000. Thereupon Fuller accepted a conveyance from appellant, and delivered to her first mortgage bonds, made by the Merrimac Building Company, of the face value of $70,000, secured upon other premises. To indemnify appellee in part for executing said bond, appellant delivered to appellee and appellee now holds $15,000, at par value, of said Merrimac Company bonds.

Subsequently, claims aggregating several thousand dollars were proved and allowed against the estate of said Roberts, deceased, which appellant failed to pay; and it is alleged that said estate being insolvent, except for the said real estate devised to and so sold by appellant, she, the appellant, as executrix of her husband's will, filed her petition in the Probate Court of Cook County, wherein the matter of said real estate is pending, to sell said real estate to pay debts, etc.

The bill alleges, *inter alia*, that appellant was appointed by the will of her husband executrix thereof, without bond; that she has disposed of some of the bonds received by her for said real estate and is endeavoring to dispose of others; that she is wholly insolvent, and that said real estate so sold by her is liable for the debts of her husband's estate, and if sold therefor in the proceedings so begun for that purpose, appellee will be bound to indemnify the said Fuller, who purchased the same, and unless the bonds

received by appellant for said real estate shall be applied in payment of said debts, appellee will suffer irremediable loss; and proceeds upon the theory that the bonds received by appellant for the real estate should in equity and good conscience stand, be held and applied for the purposes for which the real estate itself is bound. And to that end appellee offers to bring into court the $15,000 of said bonds so received by it from appellant, and to abide by such decree in reference to the application thereof as the court may direct, and asks that the receiver may take and apply the bonds in possession of appellant for the same purpose.

The decretal order appointing a receiver recites that the appellant, with other defendants to the bill, were present in open court, and that the court heard evidence in open court, and then proceeds to find, among other things, that all of said bonds in the possession of appellant and certain other persons constitute a part of the estate of said Roberts, deceased, and should be applied in payment of the debts of said estate; that appellant has filed her petition to sell the real estate, as charged in the bill, and that appellee is entitled to have said bonds applied in payment of the proved debts of said estate.

The brief for appellant says, and there is no other suggestion made for a reversal of the order :

" The question here presented is purely and simply whether a surety on a bond, fearing that the principal may not perform the condition thereof, may, without himself satisfying the bond and bringing his suit at law against the principal, come in the first instance into a court of · equity, tie up the principal's hands by injunction, restraining him from disposing of any of his property, secure the appointment of a receiver therefor, and obtain a decree requiring the condition of the bond to be satisfied out of the principal's property; this, too, when the principal has delivered to him, as indemnity for his suretyship, bonds, the face value of which confessedly exceeds the actual liability of the surety on the bond and which are not shown to be insufficient for that purpose."

Nothing concerning an injunction is before us. The appeal is only from the order appointing a receiver.

The claims that have been reduced to judgment against the estate of William Roberts, deceased, in the Probate Court, are liens upon the real estate sold and conveyed by appellant to Fuller, and are the very liens that the bond to Fuller, from appellant, with appellee as surety, was given to furnish indemnity against. The condition of said bond is express, that appellant shall, prior to a date that had elapsed before the bill was filed, " pay or cause to be paid and discharged, all costs of administration of said estate, and all debts of the said William Roberts that have been or may hereafter be proved, or be provable, against the estate of said William Roberts."

As between appellant the principal, and appellee the surety, appellant's duty was to pay the judgment of the Probate Court. The land she had sold and been paid for is the only asset of the husband's estate out of which the judgments can be made, and she, as executrix, has begun proceedings to have the land sold to pay those judgments.

According to the terms of the bond given to the purchaser of the land, a breach of the bond seems already to have occurred. Must appellee wait until judgment has been recovered against it for such breach before it can compel appellant to do her duty? It would seem not to be necessary to do so. There is nothing unliquidated or uncertain in amount. The judgments of the Probate Court exactly determine the debts of the estate of Roberts, deceased, against which Fuller was indemnified.

Nor do we think it necessary that appellee should first pay either Fuller or the Probate Court judgments that threaten Fuller's title before appellant may be required to perform her legal and equitable duty. Fuller's land is liable for those judgments, and both appellant and appellee are obliged to protect him against them. In respect of such obligation, as between themselves, appellant is principal and therefore primarily liable.

Both appellant and appellee hold a part of the mortgage bonds that were taken by appellant in payment for the

land, and on their part nothing would be more equitable than a putting by them of said bonds, in lieu of the land, to satisfy the judgments. What is more equitable than that, instead of having circuity of action, appellee may require appellant to bring into court her bonds there to be applied, along with those held by appellee and offered to be brought into court, under equitable rules, toward satisfying their joint liability?

We think this is clearly a case where the surety shall not be required to wait until he has made payment before he may go into equity and compel the principal to pay the debt.

It is a familiar doctrine of equity that a surety has the right, as against his principal, to be protected from loss by reason of his suretyship, so far as it can be done without prejudice to the rights of the creditor.

And so equity will sometimes interfere and compel the principal to exonerate the surety, in advance of payment by or judgment against the surety, if the debt is due and it can be done without prejudice to the rights of the creditor. The doctrine in such cases rests upon the simple right, as between the principal and surety, that the surety has to be protected by the principal. The form in which that protection may be secured is not material where the right to it exists and can be had without prejudice to the creditor.

The obvious duty by the principal to perform must of course exist before its performance will be enforced, and if added to that there be the prevention from circuity of action, a plain case ordinarily exists.

The principle, as variously applied, is more or less fully announced in Irick v. Black, 17 N. J. Eq. 189; Stephenson v. Taverners, 9 Grat. (Va.) 398; Moore v. Topliff, 107 Ill. 241; Chicago W. & S. Co. v. Street, 54 Ill. App. 569; same case (title reversed), 157 Ill. 605; Dobie v. Fidelity & Casualty Co. (Wis. 1897), 70 N. W. Rep. 482.

Here the duty of the appellant has been established by the judgments that have been rendered against her hus-

band's estate in the Probate Court, and she not having paid them, a breach of the bond to Fuller has occurred.

The extent of liability and appellant's duty concerning it having become fixed, the case before us falls within the sphere of equitable interference in behalf of appellee.

The order of the Circuit Court appointing a receiver of the bonds is affirmed.