A. LARISON HOLCOMBE

v.

ANTHONY G. FETTER et al.

[Decided October 30th, 1905.]

1. A surety may file a bill to compel payment by the principal debtor, as soon as the debt becomes payable.

2. The jurisdiction does not rest upon apprehended insolvency, but upon the fact that there is a debt due which it is the duty of the principal debtor, in exoneration of his sureties, to pay forthwith.

On demurrer to bill.

*Mr. Carroll Robbins,* for the demurrants.

*Mr. John S. Van Dike,* for the complainant.

STEVENS, V. C.

This is a suit by one of several sureties to compel a principal debtor to pay his debt to his creditor. It is said by Chancellor Green, in *Irick* v. *Black,* that as soon as the debt has become payable, a surety may file a bill to compel payment by the principal, in order that the surety may be relieved from responsibility. That this rule is well settled appears from the following citations: *Pom. Eq. Jur.* § *1417; Dering* v. *Winchelsea, 1 Lead. Cas. Eq. (Am. note) \*100; Irick* v. *Black, 17 N. J. Eq. (2 C. E. Gr.) 189; Delaware, Lackawanna and Western Railroad Co.* v. *Oxford Iron Co., 38 N. J. Eq. (11 Stew.) 153; Philadelphia and Reading Railroad Co.* v. *Little, 41 N. J. Eq. (14 Stew.) 519, 529; Herron* v. *Mullen, 56 N. J. Eq. (11 Dick.) 839.* It is argued that the rule is not applicable to the case at bar because it does not appear that the principal debtor is insolvent or in danger of becoming so. But the jurisdiction does

not rest upon this distinction. It is further argued that if the defendant Labaw sleep upon his rights as creditor, and by reason of his laches fail to recover from the principal debtor, such laches will be a defence to an action for contribution. But what delay amounts to laches is often a matter of doubt. The original creditor is not barred by laches alone. *Pintard* v. *Davis, 21 N. J. Law (1 Zab.) 632; Newark* v. *Stout, 52 N. J. Law (23 Vr.) 47.* Whether a co-surety who has paid the entire debt, and thus, at least to some extent, succeeded to the creditor's rights, stands as to laches in a less favorable position than the original creditor need not be considered, for the jurisdiction in this class of cases rests upon the fact that there is a debt due which it is the duty of the principal debtor, in exoneration of his sureties, to pay forthwith. The bill is one *quia timet.* So far as the complainant is concerned, his liability and therefore his right to exoneration is the same as it ever was.