# PAVARINI & WYNE, INCORPORATED, *v.* TITLE GUARANTY & SURETY COMPANY.

BONDS; STATUTES; LIMITATION OF ACTIONS; STATUTORY PENALTIES; EQUITY; PRINCIPAL AND SURETY.

1. The liability of the principal and sureties on a bond given by a contractor with the District of Columbia for public work in the District, as required by the act of Congress of February 28, 1899 (30 Stat. at L. 906, chap. 218), providing that such bond shall be the "usual penal bond" conditioned upon the contractor paying all persons supplying him with labor and materials in the prosecution of the work,—is not a "statutory penalty" within the meaning of sec. 1265, D. C. Code (31 Stat. at L. 1389, chap. 854), providing that no action shall be brought for any "statutory penalty" after one year from the accrual of the right of action.

2. The surety on a bond whose obligation has become due may, without discharging such obligation, maintain a bill in equity, in the nature of a bill *quia timet,* to compel his principal to discharge such obligation, and where the plaintiff makes the party to whom such obligation is payable a party to such suit, the decree may run in his favor.

3. One who supplies materials for public work in the District of Columbia to the subcontractor of a contractor with the District is entitled to recover on a bond given by the contractor as required by the act of Congress of February 28, 1899 (30 Stat. at L. 906, chap. 218).

No. 2200. Submitted December 8, 1910. Decided February 6, 1911.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, sitting as a court of equity, in a suit by the surety on a bond to require the principal obligors to pay for certain material supplied for public work. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree of the equity court requiring Pavarini and Wyne, a corporation, to pay the H. B. Smith Company the sum of $877.20.

The bill was filed by the Title Guaranty & Surety Company, a corporation, as surety, against Pavarini & Wyne. The H. B. Smith Company was made a party defendant.

The facts disclosed by the record are substantially these: On May 11, 1907, Pavarini & Wyne entered into a contract with the proper authorities to erect a hospital for the District of Columbia. On the same day it, as principal, with the Title Guaranty & Surety Company as surety, executed a bond to the United States, in the sum of $43,300 for the performance of said contract. The bond was executed as required by, and in conformity with, the act of Congress, approved February 28, 1899 (30 Stat. at L. 906, chap. 218), which in its material parts reads as follows:

"That hereafter any person or persons entering into a formal contract with the District of Columbia for the construction of any public building or * * * public work, or for repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract."

The Hubbard Heating Company contracted with Pavarini & Wyne to supply certain boilers required by its contract. Two of these were bought by said Hubbard Company of the H. B. Smith Company, and installed in the building. The price of the same—$877.20—was not paid, and the Hubbard Company later became insolvent. The H. B. Smith Company knew of the contract and bond, and the purpose for which said boilers were bought. The Smith Company demanded payment of the surety company and the latter demanded that Pavarini & Wyne pay the debt. Upon the latter's refusal the bill was filed.

*Mr. Percival M. Brown* and *Mr. Walter B. Guy* for the appellant.

*Mr. Philip Walker* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

1. The first assignment of error is, that the court erred in holding that the action was not barred by the statute of limitations of one year.

The act of February 28, 1899, relating to contracts with the District of Columbia, and in accordance with which this bond was executed, does not contain the limitation clause found in the general statute, regulating contracts with the United States (33 Stat. at L. 811, chap. 778, U. S. Comp. Stat. Supp. 1909, p. 984). Consequently it is conceded that if there be any limitation to the right of action, it must be found in sec. 1265 of the Code [31 Stat. at L. 1389, chap. 854], from which we extract the following: "No action shall be brought * * * on any other bond, or single bill, covenant, or other instrument under seal after twelve years after the accruing of the cause of action thereon * * * nor for any statutory penalty or forfeiture * * * after one year from the time when the right to maintain any such action shall have accrued."

The contention is that the liability sought to be established is a statutory penalty, and hence barred because suit was not brought within one year. We cannot agree with that contention. The statute provides a new liability in order to remedy a growing mischief. Like the mechanics' lien law of the States, it is remedial, and not penal. There are many different statutes, State and Federal, conferring rights of action, unknown to the common law, against wrongdoers. These are often spoken of as penal, just as the conditions of ordinary bonds are frequently spoken of as penalties; but neither the liability imposed for the benefit of private persons, nor the remedy given for its enforcement by civil action, is a statutory penalty in the proper legal sense. *Huntington* v. *Attrill,* 146 U. S. 657–667, 36 L. ed. 1123–1128, 13 Sup. Ct. Rep. 224; *Northern P. R. Co.* v. *Babcock,* 154 U. S. 190–198, 38 L. ed. 958–961, 14 Sup. Ct. Rep. 978; *Whitman* v. *National Bank,* 176 U. S. 559–567, 44 L. ed. 587–592, 20 Sup. Ct. Rep. 477.

2. The next two assignments of error, differing in form only, raise the question of the jurisdiction of equity over this suit. The contention is that the remedy at law is plain, adequate, and complete.

Although the decree runs in favor of the H. B. Smith Company for the recovery of its debt, it must be remembered that the suit was not begun by it. The decree for that payment *is* the relief sought by the surety company, and the Smith Company was made a party defendant that such relief might be effective. An action by the H. B. Smith Company to enforce the liability of the principal and surety would seem to be cognizable at law by virtue of the statute. Under ordinary conditions there would be no occasion for it to resort to equity. This suit is not to enforce a liability created by the statute, or the bond, but to enforce the equitable rights of the surety company arising out of the relation of principal and surety created by the execution of the bond. Unaffected by the origin of the relation, or the extent of the liability, the suit is nothing more than one for exoneration brought before the payment of the secured debt, because of the surety's fear growing out of the failure of the principal to pay, and the delay of the creditor to assert his own right. Such relief, if the party be entitled to it, can only be given by a court of equity.

The question then resolves itself into this: Whether a surety, who has not paid the secured debt, is entitled to a decree compelling his principal to pay the debt, in order to obtain his exoneration from responsibility. The great weight of authority seems to support the proposition that when the obligation has become due, the surety, without discharging it, may maintain a suit, in the nature of a bill *quia timet,* to compel his principal to discharge it. Pom. Eq. Jur. sec. 1417; Story, Eq. Jur. sec. 849; 16 Enc. Pl. & Pr. p. 819; 27 Am. & Eng. Enc. Law, 2d ed. p. 475; 32 Cyc. Law & Proc. p. 248. Among the cases cited, see the following that are in point: *Norton* v. *Reid,* 11 S. C. 593; *Beaver* v. *Beaver,* 23 Pa. 167–170; *Fame Ins. Co's Appeal,* 83 Pa. 396–398; *Irick* v. *Black,* 17 N. J. Eq. 189–195; *Hale* v. *Wetmore,* 4 Ohio St. 600; *Moore* v. *Topliff,* 107 Ill.

241–249; *Dobie* v. *Fidelity &c. Co.* 95 Wis. 540, 60 Am. St. Rep. 135, 70 N. W. 482. See also *Union Trust Co.* v. *Morrison,* 125 U. S. 591, 608, 31 L. ed. 825, 830, 8 Sup. Ct. Rep. 1004.

3. The last assignment of error raises the question whether the demand of the H. B. Smith Company is within the scope of the statute, because it supplied its materials to a subcontractor, and not directly to the contractor. The point has been settled against the appellant's contention. *United States use of Hill* v. *American Surety Co.* 200 U. S. 197–204, 50 L. ed. 437–441, 26 Sup. Ct. Rep. 168.

No error was committed in awarding the relief prayed, and the decree will therefore be affirmed, with costs.    *Affirmed.*