## CENTRAL SURETY & INS. CORPORATION et al. v. BAGLEY et al.

District Court, S. D. California, Central Division.

Nov. 1, 1930.

Haight, Mathes & Sheppard and Joe Crider, Jr., all of Los Angeles, Cal., for complainants.

Harry A. Goldman, of Los Angeles, Cal., for petitioners.

HAZEL, District Judge.[1]

Upon carefully reading the bill, I have become satisfied that complainants were not mere contract creditors, as claimed by the objecting defendants. The gravamen of the bill arises from complainants' liability under a surety bond, a so-called lender's bond, by which complainants obligated themselves to advance $100,000, to construct and complete the apartment building and garages erected by the principals who are primary defendants herein and who agreed on their part to pay off the debts, claims, and liens arising from the construction. Their alleged failure so to do under the terms of the surety bonds involves complainants in liability, collaterally, for large amounts, and accordingly they invoke the equitable jurisdiction of this court to marshal the assets for their protection and for the benefit of the various claimants and lienors who performed work, labor, and services and furnished supplies in the construction and completion of the buildings in question. The bill avers the insolvency of the owners of the property and their failure to fulfill the conditions primarily imposed upon them by bond.

In such a situation a surety and guarantor has the right to apply to a court of equity for the appointment of a receiver to afford protection to him on his undertaking, and for a determination of all valid claims and liens, to the end that the extent of the liability may be ascertained. The bill alleges that defendants Bagley, owners of the premises, are making no effort to meet the indebtednesses incurred in the completion of the building, and are wasting the rentals and diverting the same to purposes other than the payment of the claims and liens, in violation of the conditions imposed upon them by the surety agreement.

The remedy sought by complainants is not new. It had its inception in the general rule that, by the usage of courts of equity, a surety and guarantor is entitled to protection by the appointment of a receiver to conserve the involved property, and, if necessary, sell the same for distribution of the proceeds to those who are entitled thereto.

The contention of defendants that the California statutory law does not permit such procedure is not maintainable. Subdivision 7, § 564, of the Code of Civil Procedure, reads as follows:

"A receiver may be appointed by the court in which an action is pending, or by the judge thereof. * * *

"7. In all other cases where receivers have heretofore been appointed by the usages of courts of equity."

And section 2846 of the Civil Code reads:

"A surety may compel his principal to perform the obligation when due."

These provisions, when read together, it can scarcely be doubted confer the authority and power, in a suit in equity, upon the court to exercise its discretion in restraining the prosecution of pending suits, to the end that the property in its custody, together with the

---

[1] Designated.

interests of all claimants thereto, may be fully protected. That such proceeding is uniformly approved finds support in Barbour v. National Exchange Bank, 45 Ohio St. 133, 12 N. E. 5; Payne v. Stapely, 19 Ohio Dec. 453; Sanford v. United States Fidelity Co., 116 Ga. 689, 693, 43 S. E. 61 (wherein the respondent owner was an individual and not a corporation); Roberts v. American Bond. & Trust Co., 83 Ill. App. 463 (wherein the respondent was an individual and not a corporation); Southwestern Surety Co. v. Wells (D. C.) 217 F. 294; also Clark on Receivers (2d Ed.) vol. 1, § 162, p. 194. The statute of Ohio is identical with subdivision 7 of section 564 of the California Code of Civil Procedure, and the adjudications cited above from that state are deemed direct authority for the procedure invoked herein. The case of Stock & Bond Guarantee Co. v. Superior Court in and for Los Angeles County (Cal. App.) 291 P. 589, upon which the defendants rely in opposition to entertaining jurisdiction, does not apply, since in that case the learned court dealt with a simple contract creditor, and it was rightly decided that the court was without power to appoint a receiver for a corporation at the instance of a mere creditor until his claim had been reduced to a judgment and the execution issued thereon returned unsatisfied; while here, as pointed out, complainants are liable on the bond for payment of the obligations incurred thereunder, and in equity are accorded the right to take proper measures to protect themselves from loss and to have a determination of the valid liens and claims, to the end that their liability may be ascertained.

But it is objected that the temporary injunction granted herein is without effect and does not stay the litigations pending in the state court. As to this point, it suffices to say that section 265 of the Judicial Code (28 USCA § 379), providing that injunctions shall not be granted by a federal court to stay proceedings in a state court except in bankruptcy, has been construed not to include a case properly brought in a federal court where the court had possessed itself of the res. See Mercantile Trust Co. v. Binford (D. C.) 6 F.(2d) 285, 287; Mississippi Val. T. Co. v. Railway Steel Co. (C. C. A.) 258 F. 346.

I hold, therefore, that this court in this action may draw to itself all controversy as to disputed claims and liens or any rights pertaining to the property in question. That controversy exists between the owners and certain claimants who are joined herein as defendants, appears by the affidavit of Ringold.

The owners of the building, who are defendants, have not objected to the receivership, and failure to give them notice of the application is unavailing to the objecting defendants. The record shows that a bond for $15,000 was required at the time the receiver was appointed by Judge James, to cover costs and damages caused by the appointment of the receiver, if it should be determined that complainants were not entitled thereto.

The motion to vacate the receivership is denied.