No. 12,872.

Woodward, Receiver et al. *v.* Hollis et al.

(22 P. [2d] 862)

Decided May 29, 1933.

Mr. Charles F. Morris, for plaintiffs in error.

Messrs. Webster, West & Drath, for defendant in error Bowen.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

THIS writ of error by B. E. Woodward as receiver, and in his individual capacity, against Gordon Hollis, Harry T. Bowen and M. M. Miller is for a review of an adverse judgment of the district court striking certain matters from his complaint, and in sustaining the demurrers of the defendants to the complaint upon the ground that it failed to state a good cause of action. The objections to the trial court's judgment are summarized at considerable length in seven different specifications. In the view we take of the case it is not necessary to consider all of these assignments. The plaintiff in error, who was plaintiff below, thus states what he conceives to be the cause of action, which he has set forth in his complaint, as follows: The real cause of action is the wrong which was suffered by Miller because of the failure of Hollis and Bowen, two of the defendants, to discharge a duty and obligation which they owed to Miller, and the right to recover which has been duly assigned to Woodward by Miller and has passed to him in his capacity as receiver. The duty which was resting upon Hollis and Bowen was the obligation which they had assumed to pay a note executed for Hollis and Bowen by Miller, which note has heretofore been reduced to and now is in judgment against Miller. The note in question was executed by Miller for the use and accommodation of Hollis and Bowen who promised Miller at the time the note was executed that the same would not be negotiated and that Miller would never be called upon to pay the same or any assessment on the Stock Yards Bank stock which was attached to the note as collateral, and the further promise that they, Hollis and Bowen, would care for and pay said note at its maturity. These promises and the breach thereof by Hollis and Bowen are set forth at considerable length in the complaint. Perhaps some of the matters alleged are evidentiary in their nature and could have been eliminated without impairing the integrity of the complaint itself in its main features.

 Our examination of this voluminous complaint leads us to the conclusion that the cause of action set forth therein is equitable in its nature and is based specifically not only upon general principles of equity, but also rests upon section 21 of our Code of Civil Procedure, which is a codification of the equitable doctrine applicable to the case in hand, and which reads: ''An action may be brought by one person against another for the purpose of determining a claim, which the latter makes against the former for money or property, upon an alleged liability, and also against two or more persons for the purpose of compelling one to satisfy a debt due to the other, for which the plaintiff is bound as security.'' It sufficiently appears in the complaint that Hollis and Bowen were the principal makers of the promissory note in question and Miller's obligation thereon was that of a surety as between the parties themselves. The grievance which Woodward, as the assignee of Miller, has as against these defendants is their falure to pay this note of which they were the principal makers. The mere fact that plaintiff in his complaint asked for a money judgment does not make the action one at law as claimed by the defendants. The real character of this action is that it is one in the nature of exoneration and subrogation. The duty of a principal to his surety is thus stated in 8 C. J., page 269, section 422: ''As between the party accommodated and the accommodation party, whatever may be the obligations which the latter assumes toward third persons, the relations are those of principal and surety, and his right to recourse against the party accommodated is that of a surety against the principal debtor.'' One of the principal objections, if not the chief one, which the defendants urge to this complaint is that the action is one at law and not in equity. We have read this complaint with care and are thoroughly satisfied that it is, as plaintiff's counsel says, equitable in its nature, brought by a surety on a promissory note against the principal makers to compel them to pay the note and

save the surety harmless. The promises made by the principals Hollis and Bowen set forth in the complaint as made and breached by the defendants, are not merely to indemnify the surety. They further promised that the note would not be negotiated. They controlled the payee. Nevertheless, contrary to their promise, the note was negotiated. They also, as the complaint states, promised that no assessment would be made against Miller on the bank stock which was taken as collateral. Instead of making these payments this stock was, to the knowledge of Hollis and Bowen, sold for nonpayment of an assessment and the breach with reference thereto is specifically pleaded in the complaint.

Bowen is the only defendant who appears on this review. Hollis did not appear and he is not represented by counsel. The complaint, as we have said, sufficiently shows that the relation between Bowen on the one side and Miller on the other is that of principal and surety and the duty of a principal in such circumstances is to see that the surety is not hurt or his credit impaired. Section 21 of our Code does not require that a surety shall first pay the assumed debt, or that a surety shall first have a judgment rendered against him, before taking steps against the principal to compel the latter to comply with his obligations. The authorities are to the effect that a surety may in such circumstances recover as against his principal where the surety has neither paid the accommodation debt nor been held in judgment therefor. In 3 Sutherland on Damages (4th Ed.), section 765, page 2893, the learned author says: "A contract to pay a debt or to discharge a liability then existing, no time being specified, is a promise to pay it when due, forthwith or within a reasonable time if already due. The promisee on breach of such contract is entitled to recover the amount of the debt and interest though he has not paid it or any part of it, if it is a debt the discharge of which would be beneficial to him." In *Bishop v. Day*, 13 Vt. 81, it was said, as stated in the syllabus:

"After a debt has become due, a surety may resort to chancery to compel the principal to pay the debt, that the surety may be exonerated from liability." In *Dobie v. Fidelity & Casualty Co.*, 95 Wis. 540, 70 N. W. 482, the opinion, among other things, states: "It seems to be well settled that a surety against whom a judgment has been rendered may, without making payment himself, proceed in equity against his principal to subject the estate of the latter to the payment of the debt, in exoneration of the surety." The opinion in this case cites a number of authorities. In *Holcombe v. Fetter*, 70 N. J. Eq. 300 (67 Atl. 1078), the syllabus reads: "A surety may file a bill to compel payment by the principal debtor, as soon as the debt becomes payable. The jurisdiction does not rest upon apprehended insolvency, but upon the fact that there is a debt due which it is the duty of the principal debtor, in exoneration of his sureties, to pay forthwith." *Roberts v. American Bonding Co.*, 83 Ill. App. 463, holds, as expressed in the syllabus, that "A surety cannot be required to wait until he has made payment before he may go into equity and compel his principal to pay the debt." In *Norton v. Reid*, 11 S. C. 593, the following is the syllabus of the case: "A court of equity, upon the application of a surety who apprehends injury from further delay, may compel the principal debtor to discharge his debt past due, although the surety has not been sued, and has not paid the debt." In 2 Pomeroy's Equitable Remedies, section 919, entitled "Exoneration," the author says: "One who is bound by an obligation upon which another is primarily liable, may, if the obligation becomes due and remains unpaid, bring an action in equity, to compel the principal debtor to pay, and the creditor to receive payment of, the obligation, and thus to exonerate the party suing from his liability, and protect him from the unnecessary withdrawal of capital involved in making payment and suing for reimbursement."

We think we have shown from these authorities that

the general doctrine therein stated, and which should have been enforced here, was not applied by the trial court. The general principles of equity and section 21 of the Code were disregarded by the trial court. This court has previously spoken upon this subject in *Faricy v. J. S. Brown Merc. Co.*, 87 Colorado 427, 432 (288 Pac. 639), as follows: ''As between Faricy and Davis, the former, as we have seen, was a surety. He had the legal right, without the company's consent, to pay the debt and thereupon sue Davis. Or, without paying the debt and without the company's consent, Faricy had the right to bring suit to compel Davis to satisfy the debt due the company. Code of Civil Procedure, §21.'' This statement by Mr. Justice Butler in his opinion in the Faricy case is authority for our conclusion here that Woodward, as receiver and as assignee of Miller, to whom the promises in question were made by the defendant Bowen, properly brought this action to compel the defendant Bowen to pay the note in question of which he was one of the principal makers.

We have not noticed or discussed various other questions which were argued by counsel because it seems entirely clear that the trial court was wrong in refusing to award to Woodward as receiver the relief to which he is entitled. The judgment is, therefore, reversed and the cause is remanded for further proceedings which must not be at variance with the opinion in this case.