MORLEY CONST. CO. et al. v. MARY-
LAND CASUALTY CO.
No. 10477.

Circuit Court of Appeals, Eighth Circuit.
June 25, 1937.

Rehearing Denied July 31, 1937.

Martin J. O'Donnell, of Kansas City,
Mo. (William Buchholz, of Kansas City,
Mo., on the brief), for appellants.

Spencer F. Harris, of Kansas City,
Mo. (Paul G. Koontz, of Kansas City, Mo.,
and George F. Cushwa, of Baltimore, Md.,
on the brief), for appellee.

Before GARDNER, SANBORN, and
BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This was a suit in equity, brought by
the surety on a construction bond of stand-
ard government form which was given in
connection with a public building contract,
to compel the application of installments
paid upon the contract to the payment for
labor and materials going into the building.

A former opinion of this court in said
cause will be found in 84 F.(2d) 522, where
the facts are set out in detail.

The prayer for relief in the amended
bill of complaint included specific per-
formance of a certain contract made ·by
the parties subsequent to the making of the
bond; exoneration of the surety company;
and subrogation.

The trial court granted the relief by way
of exoneration, but denied the other pray-
ers.

This court, upon appeal, granted relief
by way of specific performance, and did
not pass definitively upon the other two
prayers, but modified the decree of the
trial court accordingly. The surety com-
pany had taken no cross-appeal.

Certiorari was granted by the Supreme
Court of the United States on the petition
of the construction company.

The decree of this court was reversed by
the Supreme Court of the United States.
See 300 U.S. 185, 57 S.Ct. 325, 329, 81 L.
Ed. ——.

The last sentence of the opinion of the
Supreme Court reads as follows: "The
decree should be reversed and the cause
remanded to the Court of Appeals to pass
upon the question, not yet definitively an-
swered, whether relief in the form of a de-
cree for exoneration is proper in the cir-
cumstances, and for other proceedings in
accord with this opinion."

The question "whether relief in the
form of a decree for exoneration is proper·
in the circumstances" has been reargued
and resubmitted in this court; and that is
the question now before us for decision.

The amended·bill of complaint, after
stating that the outstanding bills for labor
and material amount to more than $100,000,
and that the final estimate, together with
·the balance of funds on hand from prior
installments which have been paid, do not
equal that sum, states: "Plaintiff has good
reason to believe and does believe that
defendant Morley Construction Company,
unless restrained, will so convert or con-
ceal such funds, and that unless the said
funds are so impressed with a trust or
lien, and unless the defendant Morley Con-
struction Company and its officers, servants

and agents are restrained and enjoined from withdrawing or disbursing said money or any part thereof for any purpose other than that covered by said supplemental agreement, and unless said defendant Merchants Bank of Kansas City, Missouri, is restrained from permitting the withdrawal of said funds or any part thereof for any purpose other than that set out in said supplementary agreement, this plaintiff will suffer an irreparable loss, and states that the plaintiff has no adequate remedy at law for any relief in the premises."

And in the prayer for relief asks: "That the Court by its order and decree direct and require defendant Morley Construction Company to exonerate this plaintiff from the payment of any bills for labor and material due or to become due on account of the construction of said improvements, and to pay off and discharge any and all of such bills and to protect and to save plaintiff harmless on account thereof."

It is thus seen that the amended bill of complaint partakes of the nature of a bill quia timet—a name given to a bill in equity filed by a person fearing some future injury to his rights in property, real or personal, from the negligence, fault, or fraud of another.

The trial court found, among other findings, that at the time the supplementary contract was entered into, as well as at the time the bill of complaint was filed, the construction company was insolvent.

In Pomeroy's Equity Jurisprudence (3d Ed.) the following statement is made: "Sec. 1417. *Exoneration—Rights of Surety against the Principal Debtor.*—When a surety has actually paid or satisfied the principal's obligation, or any part thereof, he is entitled to be reimbursed by the principal debtor, and can maintain an equitable action for that purpose. He may also maintain a quia timet suit in equity before any payment."

In Story's Equity Jurisprudence (14th Ed.) the following statement is found: "Sec. 1142. *In Their Nature are Preventive Writs.*—Now bills in equity quia timet answer precisely to this latter description. They are in the nature of writs of prevention, to accomplish the ends of precautionary justice. They are ordinarily applied to prevent wrongs or anticipated mischiefs, and not merely to redress them when done. The party seeks the aid of a Court of Equity because he fears (quia timet) some

future probable injury to his rights or interests, and not because an injury has already occurred which requires any compensation or other relief. The manner in which this aid is given by Courts of Equity is of course dependent upon circumstances. They interfere sometimes by the appointment of a receiver to receive rents or other income; sometimes by an order to pay a pecuniary fund into court; sometimes by directing security to be given or money to be paid over; and sometimes by the mere issuing of an injunction or other remedial process; thus adapting their relief to the precise nature of the particular case, and the remedial justice required by it."

See, also, Sections 1011 and 1168.

In New Orleans v. Gaines' Adm'r, 131 U. S. 191, 212, 9 S.Ct. 745, 752, 33 L.Ed. 99, the Supreme Court of the United States quotes approvingly from Lord Redesdale's Treatise (4th Ed., p. 148), as follows: "A court of equity will also prevent injury in some cases by interposing before any actual injury has been suffered, by a bill which has been sometimes called a bill quia timet, in analogy to proceedings at the common law, where in some cases a writ may be maintained before any molestation, distress, or impleading. Thus a surety may file a bill to compel the debtor on a bond in which he has joined to pay the debt when due, whether the surety has been actually sued for it or not."

In Admiral Oriental Line v. United States, 86 F.(2d) 201, at page 204, the Court of Appeals for the Second Circuit, speaking of an intervening petition in admiralty, said: "We may take the intervening petition as an original petition under the Tucker Act; as such it is as much within the jurisdiction of the district court as the libel of the Atlantic Gulf & Oriental S. S. Co. against the United States. So viewed the only question would be whether it stated a cause of action, which in turn depends upon whether an agent may sue before he has suffered loss, even when a third party is suing him. As a complaint in an action at law, such a petition would be premature; the plaintiff having paid nothing, may not yet call for indemnity. * * * In equity, however, the rule is otherwise; before paying the debt a surety may call upon the principal to exonerate him by discharging it; he is not obliged to make inroads into his own resources when the loss must in the end fall upon the principal. Morgan v. Sey-

mour, 1 Ch.Rep. 120; **Dering v. Earl of Winchelsea**, 1 Cox, 318; Glades County v. Detroit F. & S. Co., 57 F.(2d) 449 (C.C.A. 5); Pavarini & Wyne, Inc., v. Title G. & S. Co., 36 App.D.C. 348 [Ann.Cas.1912C, 367]; Fame Insurance Co.'s Appeal, 83 Pa. 396; Davis v. First National Bank, 86 Or. 474, 161 P. 93, 168 P. 929; Southwestern Surety Insurance Co. v. Wells (D. C.) 217 F. 294; Wolmershausen v. Gullick (1893) 2 Ch.Div. 514; Holcombe v. Fetter, 70 N.J.Eq. 300, 67 A. 1078."

See 21 C.J., p. 130, § 106; American Waterworks & Guarantee Co. v. Home Water Co. (C.C.) 115 F. 171, 182: 3 Encyclopedia of Pleading and Practice, p. 599 et seq.

■ In view of the record in the instant case, and in view of the decision of the Supreme Court therein, heretofore cited, and in view of the foregoing authorities, we think the trial court was right in holding that the plaintiff was entitled to the remedy of exoneration; and that the amended bill of complaint, so far as it related to that remedy, should be treated as a bill in the nature of a bill quia timet. Any expression in our former opinion looking to a contrary conclusion is withdrawn.

The decree of the trial court conforms to its findings in its distribution of relief. We think the decree is correct, and should be affirmed.

It is so ordered.